UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSE RUSSO,     Plaintiff, | : : : | |
| v. | : : | No. 3:00 CV 2424 (CFD) |
| BENJAMIN WARING,     Defendant,     v. | : : : : | |
| ROBERT ROWE, GREGORY VERBANIC, DIANE SCHRIER, TOWN OF RIDGEFIELD, BOARD OF EDUCATION, TOWN OF RIDGEFIELD     Third-Party Defendants. | : : : : : : | |

**RULING ON THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Rose Russo brought this action to redress alleged injuries that occurred while she was attending a talent show at East Ridge Middle School in the Town of Ridgefield, Connecticut. The defendant, Benjamin Waring, filed a claim for apportionment of liability and damages against the third party defendants Robert Rowe, Gregory Verbanic, Diane Schrier, the Town of Ridgefield, and the Town of Ridgefield Board of Education. Russo then amended her complaint to include cross-claims against all the third-party defendants.[1] The third-party defendants Town of Ridgefield and Town of Ridgefield Board of Education (hereafter, collectively "Town defendants") have filed a motion for summary judgment as to all claims raised in Russo's Second

---

[1] Russo dismissed Rowe from her cross-claim in a motion dated February 16, 2005 and granted by the Court on August 10, 2005. See Docs. # 90, 91. Rowe remains an apportionment defendant to Waring's third-party complaint. There is also a pending cross-claim by the Town of Ridgefield and Town of Ridgefield Board of Education against Schrier, which does not implicate Rowe.

Amended Complaint.

Russo's claims against the Town defendants allege that their negligent failure to supervise and provide security at the talent show caused her injuries. The Town defendants argue in their motion for summary judgment that they are immune from liability because the talent show was a privately sponsored event which they were under no obligation to supervise. The Court declines to grant summary judgment for the Town defendants on this ground. Upon reviewing the evidence submitted in the light most favorable to the non-moving party, there are genuine disputes of material facts, including whether the 2004 talent show was considered a school event.

The Town defendants further argue that, even if the talent show were to be considered school-sponsored, providing security and supervision for school events is a discretionary act and they are thus entitled to governmental immunity under Conn. Gen. Stat. § 52-557n(a)(2)(B). That statute provides that a municipality "shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

Section 52-557n, however, abrogates municipal immunity for all other "negligent acts or omissions of such political subdivision or any employee, officer, or agent thereof acting within the scope of his employment or official duties." Municipalities and their employees and agents may be held liable for the misperformance of ministerial acts, those which are "to be performed in a prescribed manner without the exercise of judgment or discretion." Spears v. Garcia, 818 A.2d 37, 263 Conn. 22, 36 (2003).

The Town defendants' liability therefore hinges on whether arranging for faculty

chaperones and providing security for school events was discretionary, in which case they are immune from liability, or ministerial, in which case they could be found liable pursuant to § 52-557n.  The determination of whether official acts or omissions are ministerial or discretionary normally is a question left to the trier of fact.  Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 165, 544 A.2d 1185 (1988) (citing Gauvin v. New Haven, 187 Conn. 180, 186, 445 A.2d 1 (1982)).[2]  Upon its review of the record, the Court finds that there are genuine disputes of material fact, including whether the failure to provide any security or supervision for an event held after normal operating hours on school property was a ministerial omission.  The Court also finds that there is a genuine dispute of material fact as to whether Diane Schrier could be considered an agent of East Ridge Middle School, and therefore whether any negligent acts or omissions by her could be imputed to the Town defendants.

For the above reasons, the Town of Ridgefield and Town of Ridgefield Board of Education's Motion for Summary Judgment [Doc. # 70] is DENIED.

So ordered this __8th__ day of September 2005 at Hartford, Connecticut.

        /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court expresses no opinion as to the existence or breach of a public or private duty in this case, nor as to whether the resolution of those questions more properly is left to the trier of fact or of law.  See generally Gordon, 208 Conn. at 165-72.