UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO<br>　　Plaintiff<br>v.<br><br>BENJAMIN WARING<br>　　Defendant<br><br>vs.<br><br>ROBERT ROWE; GREGORY<br>VERBANIC; DIANE SCHRIER;<br>TOWN OF RIDGEFIELD; BOARD OF<br>EDUCATION, TOWN OF RIDGEFIELD | CIVIL ACTION NO.<br>3:00 CV 2424 (CFD)<br><br><br><br><br><br><br><br><br><br>SEPTEMBER 20, 2005 |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

I.   INTRODUCTION

The present action arises from a claim of negligent supervision of children at a Talent Show which was held at the East Ridge Middle School in Ridgefield Connecticut on November 4, 2000. At that time, the plaintiff was allegedly run into and knocked to the ground by the defendant Benjamin Waring. On April 15, 2003, the Town of Ridgefield and the Ridgefield Board of Education ("Ridgefield defendants") filed a Motion for Summary Judgment on several grounds, including governmental/qualified immunity. The plaintiff filed her opposition on June 9, 2003 and a reply brief was filed on July 3, 2003. The Court heard oral argument on January 30, 2004, and issued a written decision denying the Motion for Summary Judgment was issued on September

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

8, 2005. The Ridgefield defendants now move for reconsideration of that ruling. For the reasons set forth below, the Court should grant reconsideration and enter summary judgment in favor of the Ridgefield defendants.

II. ARGUMENT

A. COURT'S RULING ON MOTION FOR SUMMARY JUDGMENT

In the present case, the Court, in denying the Ridgefield defendants' Motion for Summary judgment, held the following:

> Upon review of the record, the Court finds that there are genuine disputes of material fact, including whether the failure to provide any security or supervision for an event held after normal operating hours on school property was a ministerial omission. The Court also finds that there is a genuine dispute of material fact as to whether Diane Schrier could be considered an age not East Ridge Middle School, and therefore whether any negligent acts or omissions by her could be imputed to the Town defendants.

The central issue in the Court's decision is clearly whether the decision to provide any supervision at the Talent Show is a discretionary or ministerial duty. If the duty is a discretionary one, the Ridgefield defendants would be entitled to summary judgment.

B. STANDARD OF REVIEW

The reconsideration of a ruling is appropriate when there is an intervening change in the controlling law, new evidence, or the need to correct a clear error of law or to prevent a manifest injustice. United Technologies Corp. v. American Home Assur. Co., 237 F.Supp. 2d 168, 170-71 (D. Conn. 2001); Rubin v. Hirschfeld, 2001 WL 34152407, at *1 (D. Conn. Nov. 8, 2001). It is also appropriate where the court has

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

overlooked case law or other matters. See United States v. All Assets of Blue Chip Coffee, Inc., 882 F.Supp. 45, 46 (E.D.N.Y. 1995).

In the present case, the Court has overlooked the relevant caselaw which clearly holds that the supervision of school children, and the failure to supervise school children, is a discretionary duty. Additionally, a Connecticut Supreme Court ruling released on May 31, 2005, demonstrates that the plaintiff was not an identifiable victim in imminent harm. Finally, the plaintiff did not produce any evidence which created a genuine issue of material fact as to whether the Talent Show was a school sponsored event.

C. THE CONNECTICUT COURTS HAVE ALREADY DETERMINED THAT THE SUPERVISION OF STUDENTS IS, AS A MATTER OF LAW, A DISCRTIONARY DUTY

While Connecticut courts have held that the issue of whether a duty is ministerial or discretionary is sometimes an issue of fact, the Connecticut Supreme Court has already held that the duty to supervise school children is, as a matter of law, a discretionary function for the benefit of the public. Connecticut courts have repeatedly held that the supervision of school children, and the decision to provide any supervision, is a discretionary function regardless of whether the activity occurs during normal school hours.

"The ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court ..." Purzycki v. Town of Fairfield, 244 Conn. 101, 107 (1998)(citations omitted). "The determination of whether the act complained of

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

constituted a ministerial or governmental act is a matter of law for the court to decide." Redfearn v. Ennis, 28 Conn.App. 398, 401, 610 A.2d 1338 (1992). In denying summary judgment, the Court has overlooked the overwhelming weight of Connecticut Supreme Court caselaw that clearly holds that the supervision of students is a discretionary governmental duty, performed wholly for the direct benefit of the public. Purzycki v. Town of Fairfield, 244 Conn. 101, 108 (1998); Burns v. Board of Education, 228 Conn. 640, 645 (1994); Heigl v. Board of Education, 218 Conn. 1, 8 (1991).

The Connecticut Appellate Court and Superior Court have also consistently held that the supervision of students is a discretionary act for the benefit of the general public. Doe v. Board of Education of City of New Haven, 76, Conn. App. 296, 819 A.2d 289 (Conn.App. 2003); Doe v. Board of Education, 2005 WL 1092557, 39 Conn. L. Rptr. 107 (Conn. Super., April 8, 2005); Doe v. Lasaga, 2004 WL 614794 (Conn.Super., March 10, 2004); Mann-Byrdsong v. Town of Bloomfield, 2002 WL 521699 (Conn.Super., March 14, 2002); Domejczyk v. New Britain Bd. of Educ., 2002 WL 467904 (Conn.Super., March 6, 2004); Busque v. Town of Mansfield, 2001 WL 1333398 (Conn.Super., October 15, 2001); O'Connor v. Crist, 2001 WL 237219 (Conn.Super., February 20, 2001; D'Alessio v. Town of Ansonia, 2000 WL 1683455, 28 Conn. L. Rptr. 361 (Conn.Super., October 11, 2000); Cluney v. Regional School Dist. No. 13, 2000 WL 893437 (Conn.Super., June 19, 2000); LaChance v. City of Waterbury, 2000 WL 278951 (Conn.Super. February 29, 2000); Dube v. Bye, 1999 WL 1273699, 26 Conn. L. Rptr. 290 (Conn.Super., December 13, 1999); Ayala v. City of Bridgeport, 1997 WL 565963, 20 Conn. L. Rptr. 388 (Conn.Super., August 28, 1997);

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

Caruso v. DeMartino, 1997 WL 531208 (Conn.Super., August 15, 1997); Stultz v. LaRosa, 1997 WL 471782, 20 Conn. L. Rptr. 304 (Conn.Super., August 8, 1997); Shove v. Winfred Cheseke, 1997 WL 375081 (Conn.Super., June 25, 1997); Stevens v. Vegas, 1994 WL 51129 (Conn.Super., February 7, 1994); Grimes v. Houser, 1993 WL 328605, 10 Conn. L. Rptr. 14 (Conn.Super., August 24, 1993); Fracace v. Board of Educ. Of Guilford, 1992 WL 310617, 7 Conn. L. Rptr. 562 (Conn.Super., October 16, 1992); Natale v. Greenwich Bd. of Educ., 1991 WL 246489, 5 Conn. L. Rptr. 254 (Conn.Super., November 13, 1991); Arvoy v. City of Stamford, 1990 WL 288789, 2 Conn. L. Rptr. 317 (Conn.Super., August 21, 1990).

Connecticut courts have never made any distinction between supervising students during normal school hours and during activities which occur beyond normal school hours. Nor have Connecticut courts ever recognized a distinction between the decision to provide any supervision and decisions concerning the quantity and quality of that supervision. In fact, the courts have specifically held that supervision, or failure to provide any supervision, to students during after hours activities is a discretionary duty.

In Purzycki v. Fairfield, 244 Conn. 101 (1998), the Connecticut Supreme Court held that a claim brought by a second grade student who was tripped by a fellow student in a school hallway which was unsupervised during a one-half hour lunch/recess period was a discretionary function. Id. at 108 and 110. In Heigl v. Board of Education, 218 Conn. 1 (1991), the plaintiff's decedent was killed as a result of injuries sustained in a motor vehicle accident which occurred during an unsupervised open campus period. The Connecticut Supreme Court held that "[n]either the General

-5-

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Statutes not our decisional law has ever held that a board of education has a specific duty to supervise high school students." Id, at 8. The Court further held that because the policy affected all students in the same manner and did not single out the plaintiff's decedent, it was for the benefit of the public and was discretionary in nature. Id. In Cluney v. Regional School District 13, 2000 WL 893437 (Conn.Super., June 19, 2000), the Superior Court held that the failure to have any supervision during an after-school detention was, as a matter of law, a discretionary duty. In that case, unsupervised students serving detention walked away from school grounds and raped another student. In Dube v. Bye, 1999 WL 1273699, 26 Conn. L. Rptr., (Conn.Super., December 13, 1999), the Superior Court held that the failure have any supervision at a middle school cross country team practice was a discretionary duty. During the unsupervised cross country practice a student was pushed and injured by other student. In Caruso v. DeMartino, 1997 WL 531208, (Conn.Super., August 15, 1997), the Superior Court held that failing to supervise an after-school game in the gymnasium of Branford High School was a discretionary duty. In that case, a student was injured during an after-school game of 'Hustle' which was "never supervised." In Natale v. Greenwich Bd. of Educ., 1991 WL 246489, 5 Conn. L. Rptr. 254, (Conn.Super., November 13, 1991), the Superior Court held that failure to supervise students at a wrestling match was a discretionary duty and a benefit to the public. In that case, a student attended a wrestling match with his mother and injured his hand on the bleachers. These cases clearly stand for the proposition that the duty to provide any supervision to students at extracurricular events is discretionary.

– 6 –

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

In the present case, any claims concerning lack of supervision and security or inadequate supervision and security are, as a matter of Connecticut law, discretionary in nature and public duties. In this case, any factual disputes are irrelevant because the duty to provide any supervision to students at after-school events is, as a matter of law, a discretionary duty for the benefit of the general public.

D.   THE RIDGEFIELD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT REGARDLESS OF WHETHER THE TALENT SHOW WAS A SCHOOL SPONSORED EVENT.

The issue of whether the event was a school sponsored activity, while relevant to the possible existence of a duty, is irrelevant to the governmental immunity analysis.

Specifically, assuming *arguendo* that the Talent Show was sponsored by the Board of Education and that Diane Schrier was acting as an agent of the school, the undisputed evidence demonstrates that there were approximately 30-50 parent chaperones, organized by Diane Schrier, who were responsible for supervision and security. (See "Defendants' Statement of Undisputed Facts" at par. 10.) Therefore, there would be no question that supervision and security were provided for the Talent Show. The issue in dispute then becomes the quality and quantity of the supervision, matters which are clearly discretionary in nature. Therefore, the Ridgefield defendants would be entitled to immunity.

If, however, the Court finds that the Talent Show was not school sponsored, as the Ridgefield defendants contend, then, as a mere landlord, they would have no duty to provide any supervision or security, as argued in the defendant's original brief.

-7-

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

Additionally, even if a duty to provide supervision and security to non-school events did exist, it would still be discretionary in nature.

The plaintiff has not argued nor offered any legal authority that the Ridgefield defendants owed any duty to provide security and supervision to a non-school sponsored event. Rather, the plaintiff has based her entire argument on the premise that the Ridgefield defendants owed a duty to provide supervision and security because the event was sponsored by East Ridge Middle School.

However, this argument is flawed for two reasons: First, as set forth above, if the event was school sponsored, then there was supervision in the form of 30-50 chaperones. The adequacy or inadequacy of such supervision is undoubtedly and discretionary matter. Second, the supervision of school children and the failure to provide any supervision is a discretionary duty as a matter of law. Under either circumstance, the Ridgefield defendants are entitled to immunity.

E. THE COMMON LAW EXCEPTIONS TO QUALIFIED IMMUNITY FOR MUNICIPAL EMPLOYEES DO NOT APPLY TO DIRECT CLAIMS AGAINST MUNICIPALITIES

As for the three common law exceptions to qualified immunity for municipal *employees*, they do not apply to direct claims against municipalities under the common law or C.G.S. § 52-557n. See Sanzone v. Board of Police Commissioners, 219 Conn. 179, 191 (1991); Maderos v. City of Shelton, 23 CONN. L. RPTR. 100 (December 7, 1998); Knoob v. Town of North Branford, 2000 Conn. Super. LEXIS 1772, Docket No. 960389536S (July 7, 2000, Devlin, J.); Reynolds v. Phelps, 1998 WL 405103, Docket No. 970057089S (July 9, 1998, Sferrazza, J.). C.G.S. § 52-557n is merely a

- 8 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

codification of the common law doctrine of governmental immunity for municipalities. Under, that common law doctrine, there were no exceptions to governmental immunity. See, <u>Williams v. New Haven</u>, 243 Conn. 763, 707 A.2d 1251 (1998). It is a well established rule of statutory interpretation that "[a] statute should not be construed as altering the common law rule, farther that the words of the statute import, and should not be construed as making any innovation upon the common law which that statute does not fairly express." <u>State v. Kish</u>, 186 Conn. 757, 764, 443 A.2d 1274 (1982).

In the present case, there are no claims for indemnification against the Ridgefield defendants. The claims against the Ridgefield defendants are direct claims of negligence. Therefore, the common law exceptions to qualified immunity for municipal employees do not apply. Since the supervision of school students is a discretionary function as a matter of law, the Ridgefield defendants are entitled to immunity.

F. <u>THE PLAINTIFF IS NOT AN IDENTIFIABLE VICTIM IN IMMINENT HARM.</u>

Even if the common law exceptions to qualified immunity for municipal employees do apply to direct claims against municipalities, the plaintiff was not, as a matter of law, an identifiable person in imminent harm. In a strikingly similar case which was recently decided on May 31, 2005, the Connecticut Supreme Court held that a parent attending a high school football game, who was injured while descending bleachers, was not an identifiable person in imminent harm.[1] <u>Prescott v. City of</u>

---

[1] There has been no claim that the other two exceptions to qualified immunity for municipal employees are relevant to this case. These exceptions are (1) when a statute explicitly provides for civil liability for failure to enforce

- 9 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

Meriden, 273 Conn. 759, 873 A.2d 175 (2005).[2] In that case, the Connecticut Supreme Court held:

> First, the plaintiff's presence at the game was purely voluntary. He was not compelled to attend by any statute, regulation or other legal command. In this respect, he was no different from any of the other spectators-whether relatives or friends of the team members, other students at the respective schools, teachers and other school staff members, or simply fans of high school football interested enough to brave any weather to watch a traditional Thanksgiving Day Game. Thus the plaintiff was simply like any other member of the public attending the game. Second, the plaintiff was entitled to no special consideration of care from the school officials because of his status as a parent. ... Third, we have characterized the classes of foreseeable victims as narrowly defined ... (citations omitted). Recognizing the plaintiff as establishing a cognizable class of foreseeable victims, namely, parents of students on the team, would be contrary to this characterization, especially given the close resemblance of the plaintiff as spectator to all of the other members of the public similarly situated. Moreover, to do so would mean that all spectators at a public municipal event would constitute a class of foreseeable victims for these purposes, thus making the exception so broad that it would threaten to swallow the rule.

Id, at 764-65.

In the present case, the plaintiff is in essentially the same position as the plaintiff in Prescott. She was voluntarily attending the Talent Show which was open to the general public. She was no different than any other family members or spectators attending the Talent Show. Under the holding in Prescott, Ms. Russo is not an identifiable person in imminent harm.

Therefore, assuming *arguendo* (1) that the Talent Show was a school sponsored activity, a claim which the Ridgefield defendants vehemently deny, and (2) that the common law exceptions to qualified immunity for municipal employees applies to direct

---

certain laws, and (2) when the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Burns v. Board of Education, 228 Conn. 640, 645 (1994).

[2] The ruling of the Connecticut Appellate Court in this case was brought to the Court's attention by undersigned counsel during oral argument on January 30, 2004.

- 10 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

claims against municipalities; the plaintiff is still not a foreseeable victim in imminent harm and this exception to qualified immunity would not apply. Thus, because the supervision of students is, as a matter of law, a discretionary duty, the Ridgefield defendants are entitled to judgment in their favor.

G. THE PLAINTIFF HAS PRODUCED NO EVIDENCE WHICH CREATES A GENUINE ISSUE OF MATERIAL FACT.

The plaintiff has introduced no evidence that the talent show in question was a school sponsored activity. While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986) (Feinberg, C.J.), cert. denied, 480 U.S. 932, 94 L. Ed. 2d 762, 107 S. Ct. 1570 (1987). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Finally, "mere conclusory allegations or denials" in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980) quoting S.E.C. v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978).

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

The Ridgefield defendants have produced testimony and an affidavit from Mary Capwell, the Principal of East Ridge Middle School, unambiguously stating that the Talent Show was not a school sponsored event ("Statement of Undisputed Facts" at par. 7 and "Affidavit of Mary Capwell" at par. 3, attached Exhibit B to Reply Brief of July 3, 2003).

The Ridgefield defendants have also produced sworn deposition testimony from Diane Schrier, who was not employed by the Ridgefield Board of Education, stating that: she organized and produced the show and was the self-appointed director ("Statement of Undisputed Facts" at pars. 5-6); she was not asked by the Ridgefield Board of Education to produce and organize the Talent Show ("Statement of Undisputed Facts" at par. 8); no funding was received from the Ridgefield Board of Education for the Talent Show ("Statement of Undisputed Facts" at par. 25), expenses for the Talent Show were paid by Diane Schrier and by private donations ("Statement of Undisputed Facts" at par. 24); the chaperones for the Talent Show were parents who were organized by Diane Schrier and she created the guidelines for the chaperones ("Statement of Undisputed Facts" at pars. 10, 16 and 17); and, Diane Schrier does not recall ever being told by anyone from the Ridgefield Board of Education that the event was sponsored by the Board of Education ("Statement of Undisputed Facts" at par. 9).

The plaintiff has produced no evidence to refute any of these facts. Rather, the plaintiff points only to the fact that the Board inadvertently failed to obtain insurance from Mr. Schrier for the use of its facilities. This fact does not change or alter the nature of the event, the funding for the event, the organization and supervision of the event or

- 12 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

any other core characteristics of the event, and is insufficient to create a genuine issue of material fact as to whether this event was sponsored by the Ridgefield defendants.

### III. CONCLUSION

For the foregoing reasons, the Motion for Reconsideration should be granted and summary judgment should be entered in favor of the Town of Ridgefield and the Ridgefield Board of Education.

DEFENDANTS,
TOWN OF RIDGEFIELD,
BOARD OF EDUCATION,
TOWN OF RIDGEFIELD

By_____
Robert A. Rhodes
Fed. Bar No. ct 13583
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
(203) 227-2855

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## CERTIFICATION

This is to certify that on this 20th day of September, 2005, the foregoing was either mailed, postpaid, or hand-delivered to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford, CT 06106

Robert M. LaRose, Esq.
Russo, LaRose & Bresnahan
538 Preston Avenue, P.O. Box 1002
Meriden, CT 06450

John Ward, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

Leo J. McManus
Law Offices of James Pickett
805 Brook Street
Rocky Hill, CT 06067

ROBERT A. RHODES

732034_1 DOC
732034-1(HSFP)

732034v.1

- 14 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195