UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO | : CIVIL ACTION NO. |
|    Plaintiff | : 300 CV 2424 (CFD) |
| | : |
| VS. | : |
| | : |
| BENJAMIN WARING, ET AL | : |
|    Defendants | : October 4, 2005 |

**ANSWER OF DIANE SCHRIER TO CROSS CLAIM OF**
**TOWN OF RIDGEFIELD AND RIDGEFIELD BOARD OF EDUCATION**

1. The allegations in Paragraph 1 of the Cross Claim are admitted.

2. The allegations in Paragraph 2 of the Cross Claim are admitted.

3. The allegations in Paragraph 3 of the Cross Claim are admitted.

4. The allegations in Paragraph 4 of the Cross Claim are denied.

5. The allegations in Paragraph 5 of the Cross Claim are denied.

6. The allegations in Paragraph 6 of the Cross Claim are denied.

7. The allegations in Paragraph 7 of the Cross Claim are denied.

8. The allegations in Paragraph 8 of the Cross Claim are denied.

9. The allegations in Paragraph 9 of the Cross Claim are denied.

10. As to the allegations in Paragraph 10, the cross claim defendant denies any

negligence or carelessness. The remaining allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 of the Cross Claim are denied.

12. The allegations in Paragraph 12 of the Cross Claim are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

If the cross claim plaintiffs were harmed as alleged, such cross claim is barred by the doctrine of estoppel in that, inter alia, they intended, conveyed information to and/or acted in such a manner so to induce the cross claim defendant to believe she was proceeding as their agent and that she reasonably acted on such belief that she otherwise would not have done.

### Second Affirmative Defense

If the cross claim plaintiffs were harmed as alleged, the cross claim is barred by the doctrine of waiver in that, inter alia, the cross claim plaintiffs knowingly and expressly approved the talent show in contravention of their own rules and regulations governing the leasing of its facilities and further that they exerted control over the conduct and content of such show.

### Third Affirmative Defense

If the cross claim plaintiffs were harmed as alleged, the cross claim is barred by the doctrine of negligent misrepresentation in that the cross claim plaintiffs supplied false information and documentation for the guidance of the cross claim defendant and that she justifiably relied on such information and documentation.

### Fourth Special Defense

The cross claim is barred by the doctrine of promissory estoppel in that the cross claim plaintiffs approved the talent show as a school sponsored event and that the cross claim defendant relied on same to her detriment.

### Fifth Special Defense

Any recovery against the cross claim defendant Diane Schrier is barred pursuant to 42 U.S.C. § 14503.

DIANE SCHRIER

BY_____
Leo J. McManus
Fed. Bar No. ct14214
Law Offices of James Pickett
805 Brook Street
Rocky Hill, CT  06067
(860) 563-4439

CERTIFICATION

3

      I hereby certify that a copy of the foregoing was sent by facsimile transmission and mailed first class, postage prepaid on October 4, 2005, postage prepaid, to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Robert M. LaRose, Esq.
Russo & LaRose
95 Glastonbury Boulevard
Glastonbury, CT 06033

Robert Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

John Ward, Esq.
Rosenbaum & Vollono
655 Winding Brook Drive
Glastonbury, CT 06033

James Moher, Esq.
Howard, Kohn, Sprague & Fitzgerald, LLP
P.O. Box 261798
Hartford, CT 06126-1798

                                                            _____

                                                            Leo J. McManus