UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO<br>　　Plaintiff | ：　CIVIL ACTION NO.<br>：　3:00 CV 2424 (CFD) |
| v. | ： |
| BENJAMIN WARING<br>　　Defendant | ： |
| vs. | ： |
| ROBERT ROWE; GREGORY<br>VERBANIC; DIANE SCHRIER;<br>TOWN OF RIDGEFIELD; BOARD OF<br>EDUCATION, TOWN OF RIDGEFIELD | ：<br>：<br>：　NOVEMBER 2, 2005 |

**MEMORANDUM IN REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR RECONSIDERATION**

In her opposition to the Ridgefield Defendants Motion for Reconsideration, the plaintiff has simply relied on her original opposition brief to the Ridgefield Defendants' Motion for Summary Judgment, and argued that there is evidence a "ministerial omission." The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

There is nothing in any of the plaintiff's filings which demonstrates the existence of a ministerial policy concerning the supervision of students at an event after regular

315 Post Road West
Westport, CT  06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

school hours, whether school sponsored or not school sponsored.[1]  "The word 'ministerial' 'refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Evon v. Andrews, 211 Conn. 501, 505 (1989), citing Fraser v. Henninger, 173 Conn. 52, 60 (1977). "On the other hand, ministerial acts are performed in a prescribed manner without the exercise of discretion as to the propriety of the action." Heigl v. Board of Education, 218 Conn. 1, 5 (1991), citing Gauvin v. New Haven, 187 Conn. 180, 184 (1991).

In the present case, the plaintiff has failed to produce any mandatory policies, rules or regulations concerning the supervision of students at an after-school event. The plaintiff has failed to produce any policies which remove the exercise of discretion from decisions concerning supervision of students at afterschool events.  These decisions are, as a matter of law, discretionary in nature and the plaintiff has failed to produce "sufficient specific facts" to overcome this legal presumption.  Therefore, the Court should grant the Ridgefield Defendants' Motion for Reconsideration and enter judgment in favor of the Ridgefield Defendants.

---

[1] The Ridgefield Defendants contend that the Talent Show in question was not a school sponsored event and that the evidence demonstrates that it was not a school sponsored event.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

DEFENDANTS,
TOWN OF RIDGEFIELD,
BOARD OF EDUCATION,
TOWN OF RIDGEFIELD

By _____
Robert A. Rhodes
Fed. Bar No. ct 13583
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
(203) 227-2855

— 3 —

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## **CERTIFICATION**

This is to certify that on this 2nd day of November, 2005, the foregoing was either mailed, postpaid, or hand-delivered to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Howard, Kohn, Sprague & Fitzgerald
237 Buckingham Street
PO Box 261798
Hartford, CT 06106

Robert M. LaRose, Esq.
Russo, LaRose & Bresnahan
538 Preston Avenue, P.O. Box 1002
Meriden, CT 06450

John Ward, Esq.
Law Offices of Nancy Rosenbaum
655 Winding Brook Drive
Glastonbury, CT 06033

Leo J. McManus
Law Offices of James Pickett
805 Brook Street
Rocky Hill, CT 06067

ROBERT A. RHODES

732034_1 DOC
752176-1(HSFP)

752176v1

- 4 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195