UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSE RUSSO<br>    Plaintiff | : | CIVIL ACTION NO.<br>3:00 CV 2424 (CFD) |
| v. | : | |
| BENJAMIN WARING<br>    Defendant | : | |
| vs. | : | |
| ROBERT ROWE; GREGORY VERBANIC; DIANE SCHRIER; TOWN OF RIDGEFIELD; BOARD OF EDUCATION, TOWN OF RIDGEFIELD | : | DECEMBER 21, 2005 |

**MOTION IN LIMINE RE: EVIDENCE OF INSURANCE**

The Town of Ridgefield and the Ridgefield Board of Education hereby move for an order precluding the introduction of testimony or documentary evidence concerning insurance, including but not limited to, evidence regarding the Board of Education's failure to obtain insurance from Diane Schrier for the talent show and lien letters from Blue Cross Blue Shield and High Mark Disability. A Memorandum of Law has been filed in support of this motion.

                                          DEFENDANTS,
                                          TOWN OF RIDGEFIELD,
                                          BOARD OF EDUCATION,
                                          TOWN OF RIDGEFIELD

                                          By_____
                                            Robert A. Rhodes
                                            Fed. Bar No. ct 13583
                                            HALLORAN & SAGE LLP
                                            315 Post Road West
                                            Westport, CT 06880
                                            (203) 227-2855

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

HALLORAN
& SAGE LLP

## CERTIFICATION

This is to certify that on this 21ST day of December, 2005, the foregoing was either mailed, postpaid, or hand-delivered to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Leo J. McManus
Law Offices of James Pickett
805 Brook Street
Rocky Hill, CT 06067

_____
ROBERT A. RHODES

761806v 1

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO<br>    Plaintiff<br><br>v.<br><br>BENJAMIN WARING<br>    Defendant<br><br>vs.<br><br>ROBERT ROWE; GREGORY<br>VERBANIC; DIANE SCHRIER;<br>TOWN OF RIDGEFIELD; BOARD OF<br>EDUCATION, TOWN OF RIDGEFIELD | CIVIL ACTION NO.<br>3:00 CV 2424 (CFD)<br><br><br><br><br><br><br><br><br><br>DECEMBER 21, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION IN LIMINE RE: EVIDENCE OF INSURANCE**

I.  INTRODUCTION

The Town of Ridgefield and the Ridgefield Board of Education hereby move for an order precluding the introduction of testimony or documentary evidence concerning insurance, including but not limited to, evidence regarding the Board of Education's failure to obtain insurance from Diane Schrier for the talent show, lien letters from Blue Cross Blue Shield and High Mark Disability, and a letter written by Diane Schrier to Metropolitan Insurance Company. Any information concerning these issues is irrelevant and would improperly introduce the issue of insurance which would clearly outweigh any potential probative value.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## II. ARGUMENT

In the present case, it is anticipated that both the plaintiff and the co-defendant Diane Schrier will attempt to admit evidence that the Ridgefield Board of Education failed to compel Mrs. Schrier to obtain an insurance policy for the talent show which designates the Board of Education as an additional insured. This anticipated evidence includes testimony and documents including the rental application checklist (plaintiff's proposed exhibit 29) and a memo stating organizations must provide insurance (plaintiff's proposed exhibit 33), as well as, a portion of the reverse side of the application for use of school facilities (plaintiff's proposed exhibits 1, 3, 14-20) which must be appropriately redetected.

The purpose of this offer is presumably to show that the failure to compel Mrs. Schrier to obtain insurance designating the BOE as an additional insured, converts the talent show to a school sponsored event. However, any such claim is belied by the fact that Mrs. Schrier has already testified that she believed that she was a "volunteer for East Ridge Middle School" before she filled out the use of school facilities rental form which requested insurance. (Deposition of Diane Schrier at p. 71, attached as Exhibit A.)

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rules of Evidence, Rule 403.

HALLORAN
& SAGE LLP

315 Post Road West
Westport, CT 06880

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

Whether an event is school sponsored depends upon the nature and character of the event, the extent of the involvement of school employees in their official capacities, and other facts and circumstances surrounding the event itself, not the failure to obtain insurance designating the BOE as an additional insured. The introduction of this evidence, while of little to no probative value, would undoubtedly confuse the jury in its determination of whether the talent show was school sponsored and whether Mrs. Schrier was acting as an agent of the BOE.

More importantly, such evidence would improperly introduce the issue of insurance which would prejudice the Ridgefield Defendants because it could leave the jury with the improper and incorrect impression that Mrs. Schrier has no insurance coverage in this matter. Such an improper and incorrect impression could undoubtedly lead to a disproportionate verdict against the Ridgefield Defendants based on a belief that Mrs. Schrier could not pay a verdict against her. In determining apportionment of liability and compensatory damages, it is improper for a jury to consider insurance or ability to pay an award. Therefore, any evidence, whether by testimony or documents, concerning the BOE's failure to compel Mrs. Schrier to obtain insurance for the talent show designating the BOE as an additional insured, should be precluded.

For these same reasons, the letters from Blue Cross Blue Shield and High Mark Disability (plaintiff's proposed exhibits 70-71) concerning any liens on the proceeds of this litigation and a letter written by Diane Schrier to Metropolitan Insurance Company (plaintiff's proposed exhibit 21), as well as, portions of the defendants' discovery compliance (plaintiff's proposed exhibits 72-74) should also be precluded. Such

- 3 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

documents contain references to insurance and are not relevant to any of the issues to be decided by the jury in this case and would be prejudicial to the defendants.

III. CONCLUSION

For the foregoing reasons, the Ridgefield Defendants' Motion in Limine should be granted.

DEFENDANTS,
TOWN OF RIDGEFIELD,
BOARD OF EDUCATION,
TOWN OF RIDGEFIELD

By _____
Robert A. Rhodes
Fed. Bar No. ct 13583
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
(203) 227-2855

- 4 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## **CERTIFICATION**

This is to certify that on this 21ST day of December, 2005, the foregoing was either mailed, postpaid, or hand-delivered to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Leo J. McManus
Law Offices of James Pickett
805 Brook Street
Rocky Hill, CT 06067

_____
ROBERT A. RHODES

761807_1 DOC

- 5 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195