UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSE RUSSO,                          :        CIVIL ACTION
                                     :
                    Plaintiff,       :
                                     :
VS.                                  :        300 CV 2424 (CFD)
                                     :
BENJAMIN WARING,                     :
                                     :
                    Defendant,       :
                                     :
VS.                                  :
                                     :        January 10, 2006
ROBERT ROWE, GREGORY                 :
VERBANIC, DIANE SCHRIER, TOWN        :
of RIDGEFIELD; BOARD OF              :
EDUCATION, TOWN OF RIDGEFIELD        :
                                     :
             Third-Party Defendants. :

## JOINT TRIAL MEMORANDUM ORDER

1.    Trial Counsel

### Attorney for Plaintiff

Attorney Raymond J. Keegan
Attorney Jeffrey J. Keegan
Raymond J. Keegan & Assoc., LLP,
180 East Post Road
White Plains, NY 10601
(914) 683-1100

### Attorneys for Defendant Diane Schrier

Attorney Leo McManus
Law Offices of James Picket
805 Brook Street
Rocky Hill, CT 06067
(860) 563-4439

**<u>Attorneys for Town of Ridgefield; Board of Education</u>**

Attorney Robert Rhodes
Halloran & Sage, LLP
350 Post Road
Westport, CT 06880
(203) 337-2855

2.    Jurisdiction

The basis for Federal Jurisdiction is diversity.  At the time of the accident, Plaintiff Rose Russo resided in the State of New York, and defendants Benjamin Waring, Robert Towe, Diane Schrier and Gregory Verbanic all resided in Connecticut. Defendant Town of Ridgefield, et al., was a Connecticut municipality.

Furthermore, plaintiff's damages exceed $ 75,000.00.

3.    Jury – Non-Jury

This will be a jury trial.

4.    Nature of case

**<u>Plaintiffs First Cause of Action</u>**

Defendant Benjamin Waring was negligent in failing to carefully conduct himself in the presence of a crowd of people present at the East Ridge Middle School on November 4, 2000.

**CLAIM SETTLED**

**<u>Plaintiff's Second Cause of Action - Cross Claim</u>**

Defendant Robert Rowe was negligent in failing to carefully conduct himself in the presence of a crowd of people at the East Ridge Middle School.

**CLAIM SETTLED**

### Plaintiff's Third Cause of Action - Cross Claim

Defendant Gregory Verbanic was negligent in failing to carefully conduct himself in the presence of a crowd of people at the East Ridge Middle School.

### CLAIM SETTLED

### Plaintiff's Fourth Cause of Action - Cross Claim

Defendant Diane Schrier was negligent in supervising, directing and controlling the attendees and the persons involved in participating in the Talent Show at the East Ridge Middle School on the date and time plaintiff was injured.

### Plaintiff's Fifth Cause of Action - Cross Claim

Plaintiff has a cross claim against third party defendant Town of Ridgefield; Board of Education, Town of Ridgefield for inadequate security, inadequate supervision, inadequate control of the individuals involved in the production of the Talent show, inadequate control of the children present at the talent show, inadequate crowd control, failed to take reasonable precautions to prevent the subject accident, inadequate instruction to individuals who were involved in the production of the talent show, inadequate instructions for the children who were present at the talent show, failure to take proper and reasonable measure to provide for the safety of the patrons of the talent show.

Plaintiff claims providing security is a ministerial act as a matter of law and under C.G. S. section 52 - 557n(a)(1)(A) the Town of Ridgefield and the Ridgefield Board of Education is negligent for not providing adequate security.

### The Relief Sought For The Above Counts of Negligence

$5,000,000.00 together with interest and cost.

5.     **STIPULATIONS OF LAW AND FACT**

The Ridgefield Defendants stipulate to statements A, B and F as proposed by the plaintiff.

Defendant Diane Schrier stipulate to statements A, C, D, F, G, H & K. Defendant Schrier objects to the word "severely" in statement B, otherwise so stipulates.

A.     On or about November 4, 2000, "a talent show" was held in the auditorium of the East Ridge Middle School in Ridgefield Connecticut.

B.     Plaintiff Rose Russo injured her left leg while exiting the Talent Show when she was knocked to the ground by Benjamin Waring.

F.     Mary Capwell was the principal at East Ridge Middle School during the school year 2000 - 2001.

6.     **CONTENTIONS OF PLAINTIFF ROSE RUSSO**

Plaintiff contends that the 2000 Talent Show which took place on November 4, 2000 at the East Ridge Middle School in the Town of Ridgefield was a school sponsored event. That Diane Schrier directed and organized the Talent Show. That providing security at such an event is a ministerial act as a matter of law under C.G.S. 55 - 557(a)(1)(A). That defendants Diane Schrier and Town of Ridgefield and Ridgefield Board of Education are negligent for not insuring that there was proper security at the event. And because of this lack of security, plaintiff was seriously injured.

**CONTENTIONS OF RIDGEFIELD DEFENDANTS**

The Town of Ridgefield and the Ridgefield Board of Education contend that the talent show was not a school sponsored event and that the Ridgefield Board of Education merely rented the use of the auditorium to Diane Schrier for the production of the talent show. According, the Town of Ridgefield and the Ridgefield Board of Education contend that they had no duty to provide any security or supervision at the talent show, and that Diane Schrier, as the organizer and producer of the talent show had the sole responsibility to provide security and supervision at the talent show. A duty which she undertook and did provide security and supervision for the talent show.

Finally, the Town of Ridgefield and the Ridgefield Board of Education contend that even if the jury were to find that the talent show was a school sponsored event, they are still entitled to qualified immunity under C.G.S. §52-557n(a)(2)(B), because the provision of security and supervision of school children is discretionary as a matter of law.

**CONTENTIONS OF DEFENDANT DIANE SCHRIER**

The defendant Diane Schrier contends that the talent show was an in-house, school-sponsored event and that she was acting as a volunteer under the auspices and direction of the Ridgefield Defendants. Ms. Schrier further contends that supervision and security was adequate and proper and that any harm to the plaintiff was caused solely by the negligence of Benjamin Waring.

Finally, Ms. Schrier contends that she is immune from liability pursuant to the federal Volunteer Protection Act.

**Plaintiff objects. The Federal Volunteer Protection Act is not applicable.**

**Gaudet v. Braca No. CV 98351943S, 2001 WL 1617208 (Conn.Super.)**

8.      Legal Issues

    A.      Was the 2000 Talent Show an East Ridge Middle School sponsored event?

    B.      Is providing security at the 2000 Talent Show a discretionary act or a ministerial act?

    C.      Was Diane Schrier an agent of East Ridge Middle School?

    D.      Is the supervision of middle school students a discretionary function.

    E.      Are the Town of Ridgefield and the Ridgefield Board of Education entitled to qualified immunity under C.G.S. § 52-557n(a)(2)(B)?

9.      **Voir Dire Questions**

    PROPOSED VOIR DIRE QUESTIONS AND/OR AREAS OF INQUIRY

1.      In which town do you reside?

2.      For how long?

3.      Do you own or rent your own residence?

4.      What is the general character of the area where you reside; rural, city mixed or country?

5.      Your present occupation.

6.      General nature of the work that you usually do and what your duties include.

7.      Same as to your spouse, (is you husband/wife employed outside the home).  If not presently, outline your prior work experience (also the same as your husband/wife.  If divorced, spouse's employment.

8.      Are you a present or past member of a labor union?

9.      Your formal educational background

10.     Are you pursuing any adult and/or continuing education.

11.     Do you possess any special skills or training.

12.     Have you ever been called to or had prior jury duty, state or federal court, civil or criminal.

13.     If yes, was it civil or criminal and did you render a verdict.

14.     Do you feel there is too much litigation?

15.     How do you feel regarding advertising about pros and cons of lawsuits (e.g., radio, television, newspapers, cable tv, by attorneys, law firms or actors).

16.     Have you ever sued or been sued by anyone?

17.     Do you have any preconceived ideas as to what should take place during this trial. **(THE OJ SIMPSON TRIAL THIS IS NOT.)**

18.     Do you or any members of your family now or in the past own and/or operate your own business.

19.    Do you have a driver's license?

20.    Do you drive an automobile?

21.    Do you or your spouse devote anytime to volunteer activities, such as scouts, little league, soccer leagues, church activities, youth activities, community activities such as United Way, Home School Association, American Cancer Society, American Red Cross, volunteer duty at local hospitals?

22.    Do you have any hobbies/sports activities that you or your spouse participate in?

23.    Would you tell us how you spend your leisure time or free time.

24.    Have you or any members of your immediate family been involved as law enforcement officers, worked for lawyers, claims investigation, accident investigations, etc?

25.    Have you ever been injured or hurt, sprained an ankle, broken a bone? Describe the amount of pain caused by such an injury.

26.    Have you or any members of your family, including children, close friends, or business associates ever been involved in an accident in which either you or they sustained personal injuries?

27.    Have you or anyone close to you ever been involved in a serious fall down accident? Resulted in injuries or trip to emergency room? Do you know how the accident occurred? Was anyone to blame for it? What was the outcome of that? Was a claim brought as a result of this accident? Were you (or they) satisfied

with the outcome of the lawsuit/claim?  Did you ever discuss it with the other
person?

## **BURDEN OF PROOF**

28.    Do you understand that this is a civil case and in a civil case the burden of proof
upon the plaintiff is to prove her case by a fair preponderance of the evidence.
The court at the time it charges the jury will define the burden of proof for you as
well as a fair preponderance of the evidence.  However, at this point in time we
need to know whether anyone disagrees with this standard or if you would use a
standard other than that which the court gives you.

29.    A fair preponderance of the evidence is significantly a lesser amount of proof than
"beyond a reasonable doubt."  Beyond a reasonable doubt is the standard that is
used for criminal trials.  What does preponderance of the evidence mean?  If one
takes the scales of justice, for example, and they are evenly balanced, they are
said to be in equipoise.  The burden upon a plaintiff in order to receive a verdict in
her favor is to tip the scales of evidence ever so slightly so that they are no longer
in balance but that they have tipped in favor of the plaintiff.  That is the standard
that the jury must use in arriving at its decision.  Do you understand that?  Do you
have any quarrel with that?

30.    Another way to think about this standard is "more likely than not."  That is, if you
are making a decision in this case you would consider what the plaintiff says as
well as what the defendant says.  If you can say that the plaintiff has proved her
point more likely than not, even though the more likely is very slight, then the

burden has been satisfied. Do you feel that you would have to see more proof than that, even though a preponderance of the evidence is all the more required? It does not make any difference what your answer is. Both sides in this case simply wish to know what your answer is. Maybe I did not ask just the right question but now is the time to tell us about any experience, attitude or feeling that you think we might want to know about. Are you wondering, "why didn't he ask me this?" or, "he should have asked me this because it may have affected the way I decide this case?" Please do not hesitate to provide us with any information that you feel we should have about how you think and feel at the start of this case.

31.    Have you ever had to figure out what damages were? The judge gives the jury guidance and instructions about things like that.

32.    Do you feel that jury verdicts are too high these days? Are there any verdicts that you can recall that you have heard about that you feel are too high? Is there some amount of damages notwithstanding the evidence that we presented to you concerning damages which you feel would be too high and you could not award a sum in that amount, $5 million?

33.    What do you think about the number of lawsuits that are filed these days? Do you read anything in the newspapers or magazines concerning lawsuits that have been filed either by or against various individuals? Do you think some of them are serious and legitimate and some are frivolous? Do you believe in fate? By that I mean do you believe that if something happens, it was supposed to happen and there is nothing anyone could have done to have stopped it?

34. Is there some amount that you have in your mind right now which is fixed and that's the minimum amount of damages that you feel have to be awarded?

35. Were you, any family member or close friends ever employed by a municipality or school district?

36. If yes to # 35, would that affect you in any way viewing the evidence in this case, a lawsuit against the Town of Ridgefield; Board of Education, Town of Ridgefield?

37. Were you, any family members or close friends ever employed as a teacher or a school administrator?

38. Do you, any family members or close friends have any connection to the Town of Ridgefield or the Board of Education of the Town of Ridgefield? Do you know any members of the Board of Education.

39. Do you, any family members or close friends know or have any connection to any of the defendants in this lawsuit?

40. From the questions that we have asked previously, you know that this case is about a fall down accident. You need to consider if sitting through a case of this sort will be too difficult for you. Could you take a moment and tell us whether or not you have any experiences that you feel would affect your ability to be a fair and impartial juror in this case?

41.  We have asked a lot of questions, but if there are any questions that the other attorney or I have not asked, and you wish that we had asked, please let us know. And let us know whether these questions would or could affect your ability to hear evidence and be fair to both sides.

42.  Have you or any members of your immediate family ever supervised or chaperoned an event at a public or private school?

42.  Have you or any members of your family ever filed a claim, complaint or lawsuit against a municipality, board of education or employee or official of a municipality or board of education?

43.  Have you or any members of your immediate family ever supervised or chaperoned an event at a public or private school?

44.  Have you or any members of your family ever filed a claim, complaint or lawsuit against a municipality, board of education or employee or official of a municipality or board of education?

**9.    List of Witnesses**

a.    Rose Russo
      Glenn St., Unit 105
      Greenwich, CT

Plaintiff Rose Russo will testify that on the evening of November 4, 2000 she was walking with her two grandchildren exiting the Talent Show at the East Ridge Middle School and was hit from behind and knocked to the ground and fractured her leg & ankle. She will further testify that as a result of the injury she was required to undergo three surgeries to her leg

requiring insertion screws and a metal rod, as well as a total knee replacement and with

possible future ankle surgery. She will further testify that the knee replacement did not take

and she needs a second knee replacement. She will further testify that at that at the time the

accident, she was employed full time as an executive secretary and that because of her

injuries she has not been able to return to work.

b.      Mary Capwell
        Darien Public Schools
        Two Renshaw Rd.
        Darien, CT 06280

Mary Capwell is expected to testify that at the time of the accident she was the principal of

East Ridge Middle School. Ms. Capwell will testify that at prior school events, such as

school plays, they always have a least one police officer present for security and traffic

control.

c.      Georgina Castellani
        237 North Salem Rd.
        Ridgefield, CT

During the school year 2000 - 2001, Ms. Castellani was the secretary to Mary

Capwell, the principal at East Ridge Middle School. Ms. Castellani will testify that there are

two types of applications regarding the use of school grounds (# 1 - In House Usage Form

and # 2 - Application for use of School Facilities).

The In House Usage Form is used by people associated with the school to reserve

areas of the school.

The Application for use of School Facilities is for non school organizations who wish

to use the school facilities. Non school organizations are required to attach evidence of

insurance pursuant to paragraph 3A on the reverse side of the application.

Ms. Castellani will testify that the In House Usage form completed by Diane Schrier did not have any cross outs on it when she handed it to Mary Capwell. Mary Capwell never returned the application to Ms. Castellani. Ms. Castellani has not seen the In House Usage form since handing it to Mary Capwell.

d.     Cecile Rosevalt
       64 Lincoln Ave
       Ridgefield, CT 06877

During the school year 2000 - 2001 Ms. Rosevalt was the secretary for the East Ridge Middle School. Ms. Rosevalt will testify regarding the procedure for requests to use the school for non school functions. If someone who wants the use of the school for a function, they come to the main office and fill out one of two applications. The application is then forwarded to the head custodian Mr. Keith Hoyt who then forwards it to Mary Capwell who then returns it to Cecile Rosevalt. Ms. Rosevalt makes four copies of the application. The original is sent to the business office, Ms. Rosevalt keeps one copy and gives another copy to the applicant and the third copy is forwarded to the administrative facilitator and the fourth copy is forwarded to the house administrator. Rosevalt will further testify that Ms.Schrier did put on a talent show for the school year school year of 1999 - 2000 but the school was unable to locate the application for that year. She will further testify that when Diane Schrier came into the East Ridge Middle School on July 17, 2000 to fill out the application, Diane Schrier explained to Cecile Rosevalt that this is an in house talent show and therefore she should fill out the In House Usage application. Ms. Rosevalt explained that this is her first application and that she was not sure that Ms. Schrier qualified as an in house applicant since she was no an school employee. Ms. Schrier filled out both applications. Ms. Rosevalt does remember scratching out East Ridge Middle School on the In House Usage form application

and writing in Diane Schrier and she does not know what she did with the original.   Ms.

Rosevalt never followed up for the appropriate insurance.  Cecile Rosevalt will testify that

Mary Capwell or her secretary Ms. Castallani told Ms. Rosevalt to scratch out anywhere on

the application that Diane Schrier filled out East Ridge Middle School and put in Diane

Schrier's name.  Ms. Rosevelt does not remember if Mary Capwell told her to do this or if the

secretary did.  Ms. Rosevelt does not remember when she scratched out the application.  Ms.

Rosevalt will testify that she does not know what happened to the original application.

e.   Katherine Wilson
    19 Playground Rd.
    Ridgefield, CT

      Ms. Wilson will testify that she was in her car and saw a group on three to four boys

running for approximately 10-20 seconds and then she saw the lead boy run full force into

Mrs. Russo.  Mr. Wilson did not see a police officer or anyone directing traffic.  Ms. Wilson

was in her car and she witnessed the people exiting the building before the accident

happened.  There were 20-35 people outside.  The kids were running when she first saw then.

She knew the impact was imminent when she saw Benjamin Waring running full force

towards Mrs. Russo.

g.   Dr. Joanne Keating
    70 Prospect St.
    Ridgefield, CT

Dr. Keating will testify that the principal has the authority to approve applications for school

use premises. Dr. Keating does not know who made a copy of the application and altered it

by scratching out initials ERMS and adding Diane Schrier. Dr. Keating will testify that she

asked Mary Capwell why insurance was never received from Diane Schrier and Mary

Capwell said "I don't know, the applications are handled by the clerical staff."

h.     Dr. Ralph Wallace

Address:     ?

Dr. Wallace was the superintendent of the Ridgefield Board of Education when this accident occurred. Dr. Wallace does not know who altered the document and he is under the belief that the principal of the school has the authority to accept or reject applications for use of premises.

i.     Gwyneth Mayornick
       52 Longview Dr.
       Ridgefield, CT

She is the secretary for Joanne Keating. She does not remember when she got the application. She does not know who altered the application.

j.     Gary Crakes, Ph.D
       860 Ward Lane
       Cheshire, CT 06410.

He is economist expert hired by plaintiff. Dr. Crakes will testify in accordance with his report (annexed here to as plaintiff's Exhibit 35) as to plaintiffs lost wages and economic loss as a result of this accident.

k.     Dr. Leonard Harrison
       215 East 73rd Street
       New York, NY 10021

Dr. Harrison is plaintiff orthopedic expert. He will testify in accordance with his report (annexed hereto as Exhibit 34) as to the injury plaintiff sustained, treatment rendered, future treatment as well as permanency.

l.     Benjamin Waring
       6 Ramapo Road
       Ridgefield, CT

Mr. Waring will testify that on November 4, 2000 he and other kids ran out the doors of the East Ridge Middle School after Greg Verbanic yelled at them. They exited the far right doorway of the school. He was running towards his father's car and looked back to see if Greg Verbanic was chasing him and he tripped over his feet and knocked into Mrs. Russo. His left shoulder and left back hit Mrs. Russo's legs and they both fell to the ground. He was sprinting when he knocked into Mrs. Russo. Prior to the impact Benjamin Waring was running forward with his head turned over his right shoulder.

m.      Gregory Verbanic
        59 North St.
        Ridgefield, CT

Mr. Verbanic will testify that he was that he was working as a DJ on 11/4/00 at the East Ridge Middle School Talent Show.  That when he noticed these kids messing around with the video equipment he told them to get away from the equipment.  One of them said something and he walked down  the hall and they all ran out of the building

n.  Don Orlando

Mr. Orlando is plaintiff's son and will testify as to plaintiff's physical condition and activities before and after the accident.

o.  Denise Bkrich

Mrs. Bkrich is plaintiff's daughter and will testify as to plaintiff's physical condition and activities before and after the accident.

p.      Diane Schrier
        5111 NE 4th Street

Ocala, FL 34470

Ms. Schrier will testify as to the organization of the talent show as a school event under the control of ERMS, as well as to the conduct of the rehearsals and the show itself.

q.    Witnesses for Diane Schrier to testify as to organization/supervision at Talent Show

Manette Hutchings
        89 Cedar Lane
        Ridgefield, CT 06877

        Ruth Fasolino
        120 Whiplock Road
        Ridgefield, CT 06877

        Laura Robinson
        36 Flatrock Road
        Ridgefield, CT 06877

        James and Elizabeth McMahon
        21 Cobblers Lane
        Ridgefield, CT 06877

        Paula Bojanek
        176 Holmes Road
        Ridgefield, CT 06877

        Joan Robson
        39 Bobbys Court
        Ridgefield, CT 06877

        Lorelle Foulds
        21 Wilton Road East
        Ridgefield, CT 06877

        Karen Untied
        23 Cobblers Lane
        Ridgefield, CT 06877

        Laura Lowenstein
        136 Regan Road
        Ridgefield, CT 06877

        Gail Cowen
        76 Shadow Lake Road

Ridgefield, CT 06877

Roz Harris
9 Hamilton Road
Ridgefield, CT 06877

Ann Ciccatelli
31 North Street
Ridgefield, CT 06877

Marcia Carroll
3 Norrans Ridge
Ridgefield, CT 06877

Kathy Kass
110 Rock Road
Ridgefield, CT 06877

Jodi DeAnda
39 Virginia Court
Ridgefield, CT 06877

Laura Schallis
20 Forest Drive
Ridgefield, CT 06877

Jeanne Rowella
10 Sara Bishop Road
Ridgefield, CT 06877

Kathy Thompson
Address unknown

Lee Goldberg
585 Barrack Hill Road
Ridgefield, CT 06877

Maureen Kozlark
24 O'Neill Court
Ridgefield, CT 06877

Paula Curry
176 Holmes Road
Ridgefield, CT 06877

Ed and Eileen Tweedy

60 Cedar Lane
Ridgefield, CT 06877

Jack Schrier
Becky Schrier
5111 NE 4th Street
Ocala, FL 34470

Regina Baron
Elizabeth Baron
8 Shady Lane
Ridgefield, CT 06877

John Ferreri
44 Acre Lane
Ridgefield, CT 06877

Bonnie Bryers
Rhode Island

Elizabeth McFall
67 Nutmeg Ridge
Ridgefield, CT 06877

Emmy Wilson
115 West Lane
Ridgefield, CT

Kristen Liguori
16 Millers Lane
Ridgefield, CT 06877

Greg Hutchings
89 Cedar Lane
Ridgefield, CT 06877

Regina Baron
8 Shady Lane
Ridgefield, CT 06877

The defendant also reserves the right to call some or all of the witnesses listed by the plaintiff.

**Defendant Town of Ridgefield witness list**

a.    <u>Mary Capwell</u>. The former principal of the East Ridge Middle School is expected to testify that the talent show was not a school sponsored event and that she did not request that Diane Schrier conduct or produce a talent show, nor did she ever tell Diane Schrier that the talent show was a school sponsored event. Mary Capwell is also expected to testify that the supervision of students at afterschool events is a discretionary matter handled on a case by case basis.

b.    <u>Joanne Keating</u>. Assistant Superintendent Keating is expected to testify about the policies of the BOE in renting school facilities to nonprofit groups in the Ridgefield area.

c.    <u>Ceclia Rosevalt</u>. A secretary at the East Ridge Middle School, Ms. Rosevalt will testify about her communications with Diane Schrier concerning the use of the ERMS auditorium and the completion of the rental application.

d.    <u>Ben Waring</u> will testify about the facts and circumstances of his collision with the plaintiff.

e.    <u>Gregory Verbanic</u> will testify about the facts and circumstances leading up to the collision between Ben Waring and the plaintiff.

f.    <u>Diane Schrier</u> will testify about the supervision and security at the talent show.

The Town of Ridgefield and the Ridgefield Board of Education also reserve the right to call any witnesses listed by the other parties.

The Town of Ridgefield and the Ridgefield Board of Education also object to the testimony of Ralph Wallace, Geneth Mayernick and Georgina Castellani. Motions in Limine will be filed in support of these objections.

11.    **Exhibits**

1.   Ridgefield Public School Application for use of school facilities.  Unaltered
     application filled out by ERMS Talent Show.

2.   East Ridge Middle School Application for In House Usage.  Unaltered application
     filled out by ERMS Talent Show.

3.   East Ridge Middle School Application for In House Usage with alteration,
     scratching out ERMS Talent Show and adding Diane Schrier.

     **Ridgefield Defendants object:   Relevance.**

4.   Ridgefield Public Schools Application for use of school facilities with alteration,
     scratching out ERMS Talent Show and adding Diane Schrier.

     **Ridgefield Defendants object:   Relevance.**


5.   Memo from Mary Capwell to Dr. Joanne Keating dated December 12, 2000.
     Mary Capwell told Mrs. Schrier that ERMS did not sponsor the talent show.

6.   Letter to Diane Schrier from Celia Rosevalt dated July 26, 2000, confirming the
     use of East Ridge Middle School.

7.   Letter to Diane Schrier from Celia Rosevalt dated August 22, 2000, confirming
     the use of East Ridge Middle School.

8.   Photograph depicting accident scene.

**Objection**:        The defendant Diane Schrier objects on the ground that the plaintiff
fails to disclose what photograph she intends to admit.

9.   Photograph depicting accident scene.

**Objection**:        The defendant Diane Schrier objects on the ground that the plaintiff
fails to disclose what photograph she intends to admit.

10.  Photograph depicting accident scene.

**Objection**:        The defendant Diane Schrier objects on the ground that the plaintiff fails to disclose what photograph she intends to admit.

11.    Photograph depicting accident scene.

**Objection**:        The defendant Diane Schrier objects on the ground that the plaintiff fails to disclose what photograph she intends to admit.

12.    Photograph depicting Mrs. Russo about a week after the accident.

**Objection**:        The defendant Diane Schrier objects on the ground that the plaintiff fails to disclose what photograph she intends to admit.

13.    Photograph depicting Rose Russo about a week after the accident.

**Objection**:        The defendant Diane Schrier objects on the ground that the plaintiff fails to disclose what photograph she intends to admit.

14.    Ridgefield Public Schools Application for use of school facilities by SCOR dated 8/31/99.

15.    Ridgefield Public Schools Application for use of school facilities by the Ridgefield High School Volley Ball Team dated 9/15/99.

16.    Ridgefield Public Schools Application for use of school facilities by Girl Scouts dated 10/8/99.

17.    Ridgefield Public Schools Application for use of school facilities by Ridgefield High School ski team dated 9/16/99.

18.    Ridgefield Public Schools Application for use of school facilities by the National Charity League dated 6/16/99.

19.    Ridgefield Public Schools Application for use of school facilities by Ridgefield Little League dated 7/1/99.

20.    Ridgefield Public Schools Application for use of school facilities by the Ridgefield Woman's Club dated 7/1/99.

21.   Letter from Diane Schrier to Metropolitan Insurance Company stating that the event was an East Ridge Middle School Talent Show and that there were over 800 people at the show.

**Ridgefield Defendants object:   Hearsay, Relevance, interjects issues of insurance.**

**Objection**:  The defendants Diane Schrier objects to those portions constituting inadmissible hearsay and/or insurance information.

22.   Copy of Talent Show rules.

23.   Copy of Talent Show News with Mary Capwell's handwritten note.

24.   Letter from Diane Schrier to Dr. Keating dated 1/4/01 enclosing money for the Janitorial services.

25.   Invoice from Ridgefield Public Schools dated 11/14/00 to the East Ridge Middle School Talent Show.

26.   Talent Show Program.

27.   Police Report.

**Objection**:  The defendant Diane Schrier objects to those portions constituting inadmissible hearsay, enforcement actions and/or insurance information.

28.   Statement by Katherine Wilson.

**Objection**:        The defendant Diane Schrier objects on the ground that such statement constitutes inadmissible hearsay, as well as being cumulative to testimonial evidence provided by this witness.

**Ridgefield Defendants object:   Hearsay**

29.   Rental Application check list.

**Ridgfield Defendants object:     interjects issues of insurance**

30.    East Ridge Middle School Rehearsal Schedule.

31.    Letter from Dr. Joanne Keating to Jack Schrier dated 12/22/02.

32.    Interoffice Memo from Mary Capwell to Dr. Wallace and Dr. Keating dated

       11/6/00.

33.    Use of school building and grounds memo stating that non-school organizations

       must furnish proof of insurance, which will save harmless the Board of Education

       from liability.

       **Ridgfield Defendants object:    interjects issues of insurance**

34.    Dr. Harrison's report (plaintiff's orthopedic expert).

**Objection**:        The defendant Diane Schrier objects on the grounds that it is
cumulative to testimonial evidence provided by this witness, lack of foundation, as well
as to those portions constituting inadmissible hearsay and/or insurance information.

       **Ridgefield Defendants object:    Contains opinions which were not disclosed
       in a timely manner.**

35.    Dr. Crake's report (plaintiff's economic expert).

**Objection**:        The defendant Diane Schrier objects on the ground that such report
constitutes inadmissible hearsay, as well as being cumulative to testimonial evidence
provided by this witness.

       **Ridgefield Defendants object:    Contains opinions which were not disclosed

       in a timely manner.**

36.    Office notes from Dr. Bushman (plaintiff's initial surgeon).

**Objection**:        The defendant Diane Schrier objects on the grounds that it is
cumulative to testimonial evidence provided by this witness, lack of foundation, as well
as to those portions constituting inadmissible hearsay and/or insurance information.

       **Ridgefield Defendants object:    Contains opinions which were not disclosed

       in a timely manner, authentication, hearsay.**

37.    Records from physical therapy – Aquatic Rehabilitation Center.

**Ridgefield Defendants object:   Contains opinions which were not disclosed in a timely manner, authentication, hearsay.**

**Objection**:       The defendant Diane Schrier objects on the grounds of lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

38.    Records from Danbury Hospital.

**Ridgefield Defendants object:   Contains opinions which were not disclosed in a timely manner, authentication, hearsay.**

**Objection**:       The defendant Diane Schrier objects on the grounds of lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

39.    Dr. Zelecoft's Records.

**Ridgefield Defendants object:   Contains opinions which were not disclosed in a timely manner, authentication, hearsay.**

**Objection**:       The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

40.    Dr. Pelker's narrative report.

**Ridgefield Defendants object:   Contains opinions which were not disclosed in a timely manner, authentication, hearsay.**

**Objection**:       The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

41.    Billing Records from Hospital for Special Surgery.

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

    **Ridgefield defendants objects on the grounds of hearsay and authenticity.**

42.    Billing Records from Dominican Sisters.

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

        **Ridgefield defendants objects on the grounds of hearsay and authenticity.**

43.    Billing Records form Dr. Alpert.

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

        **Ridgefield defendants objects on the grounds of hearsay and authenticity.**

44.    Billing Records from Yale New Haven Hospital.

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

    **Ridgefield defendants objects on the grounds of hearsay and authenticity.**

45.    Billing Records from Danbury Hospital.

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

    **Ridgefield defendants objects on the grounds of hearsay and authenticity.**

46.    Billing Records from Dr. Walsh.

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

    **Ridgefield defendants objects on the grounds of hearsay and authenticity.**

47.     Billing Records from Gentiva Health Services.

**Objection**:     The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

**Ridgefield defendants objects on the grounds of hearsay and authenticity.**

48.     Billing Records from Integrated Rehab Services.

**Objection**:     The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those.portions constituting inadmissible hearsay and/or insurance information.

**Ridgefield defendants objects on the grounds of hearsay and authenticity.**

49.     Billing Records from VNA Ridgefield, Inc.

**Objection**:     The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

**Ridgefield defendants objects on the grounds of hearsay and authenticity.**

50.     Billing Records from White Plains Hospital.

**Objection**:     The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

**Ridgefield defendants objects on the grounds of hearsay and authenticity.**

51.     Billing Records from Burke Rehabilitation.

**Objection**:     The defendant Diane Schrier objects on the grounds of relevance (special damages claim withdrawn), lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

**Ridgefield defendants objects on the grounds of hearsay and authenticity.**

52.     Narrative Report by Dr. Alpert (plaintiff's knee specialist).

**Ridgefield Defendants object:   Contains opinions which were not disclosed in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds that it is
cumulative to testimonial evidence provided by this witness, lack of foundation, as well
as to those portions constituting inadmissible hearsay and/or insurance information.

53.     Operative Report from White Plains Hospital dated 11/7/00.

   **Ridgefield Defendants object:   Contains opinions which were not disclosed**

   **in a timely manner, authentication, hearsay.**


54.     Operative Report form Yale New Haven Hospital dated 7/27/01.

   **Ridgefield Defendants object:   Contains opinions which were not disclosed**

   **in a timely manner, authentication, hearsay.**


55.     Offices notes of Dr. Pelker.

   **Ridgefield Defendants object:   Contains opinions which were not disclosed**

   **in a timely manner, authentication, hearsay.**


**Objection**:        The defendant Diane Schrier objects on the grounds that it is
cumulative to testimonial evidence provided by this witness, lack of foundation, as well
as to those portions constituting inadmissible hearsay and/or insurance information.

56.     Office records of Dr. Levine.

   **Ridgefield Defendants object:   Contains opinions which were not disclosed**

   **in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds that it is
cumulative to testimonial evidence provided by this witness, lack of foundation, as well
as to those portions constituting inadmissible hearsay and/or insurance information.

57.     Operative report by Dr. Alpert (surgery after knee replacement to clear out scar

   tissue).

   **Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection:**       The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

58.     Office Notes from Dr. Alpert.

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection:**       The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

59.     Office notes of Dr. Kirshenbaum.

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection:**       The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

60.     Dr. Levine's narrative report.

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection:**       The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

61.     Dr. Walsh's narrative report (second opinion regarding plaintiff's knee

replacement).

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

62.     Yale New Haven Hospital Records.

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds of lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

63.     White Plains Hospital Records.

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds of lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

64.     Dr. Bushman's records.

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

**in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

65.     Physical therapy records from Burke Rehab.

**Ridgefield Defendants object:   Contains opinions which were not disclosed**

in a timely manner, authentication, hearsay.

**Objection**:        The defendant Diane Schrier objects on the grounds of lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

66.     Hospital for Special Surgery records for 6/12/03 surgery.

     **Ridgefield Defendants object:   Contains opinions which were not disclosed**

     **in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds of lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

67.     Records from VNA Association.

     **Ridgefield Defendants object:   Contains opinions which were not disclosed**

     **in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds of lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

68.     Hospital for Special Surgery Records for 2/3/03 surgery.

     **Ridgefield Defendants object:   Contains opinions which were not disclosed**

     **in a timely manner, authentication, hearsay.**

69.     Dr. Gregory Taggart's records.

     **Ridgefield Defendants object:   Contains opinions which were not disclosed**

     **in a timely manner, authentication, hearsay.**

**Objection**:        The defendant Diane Schrier objects on the grounds that it is cumulative to testimonial evidence provided by this witness, lack of foundation, as well as to those portions constituting inadmissible hearsay and/or insurance information.

70.        Lien letter from High Mark Disability.

     **Ridgefield defendants object:   Relevance, Hearsay**

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance, as well as to those portions constituting inadmissible hearsay and/or insurance information.

71.        Lien Letter from Blue Cross Blue Shield.

     **Ridgefield defendants object:   Relevance, Hearsay**


**Objection**:        The defendant Diane Schrier objects on the grounds of relevance, as well as to those portions constituting inadmissible hearsay and/or insurance information.

72.        Town of Ridgefield, Board of Education's Response to Discovery Demands.

     **Ridgefield defendants object:   contains information re:     insurance**

73.        Town of Ridgefield, Board of Education's Response to Plaintiff's Interrogatories.

     **Ridgefield defendants object:   contains information re:     insurance**

74.        Diane Schrier's Response to Discovery and Inspection.

     **Ridgefield defendants object:   Hearsay, contains information re:  insurance**

**Objection**:        The defendant Diane Schrier objects on the grounds of relevance, as well as to those portions constituting inadmissible hearsay and/or insurance information.


75.        Notice for Discovery & Inspection - Town of Ridgefield, Ridgefield Board of Education.

     **Ridgefield defendants object:   contains information re:     insurance**

76.        Town of Ridgefield, Ridgefield Board of Education's Amended Response to Plaintiff's Interrogatories.

Ridgefield defendants object:     contains information re:     insurance

77.     Town of Ridgefield, Ridgefield Board of Education's Response to Plaintiff's

Interrogatories.

Ridgefield defendants object:     contains information re:     insurance

78.     Notice for Discovery & Inspection of third party defendant Diane Schrier

Ridgefield defendants object:     contains information re:     insurance &

hearsay

79.     Diane Schrier's Response to Discovery and Inspection.

Ridgefield defendants object:     contains information re:     insurance &

hearsay

80.     X Ray films from White Plains Hospital dated 11/7/00 & 11/8/00 showing

fracture with the insertion of hardware.

Ridgefield defendants object:     x rays have not been disclosed nor

authenticated.

81.     X Ray films taken at Leonard Harrison, M.D.' office

Ridgefield defendants object:     x rays have not been disclosed nor

authenticated.

## Exhibits by the Ridgefield Defendants

82.     Use of School Facilities Rental Form completed by Diane Schrier for Talent

Show.

83.     Talent Show Program

84.     Talent Show Rules

85.     Use of School Facilities Rental Form for Ridgefield Girls Scouts 8/25/00

86.     Use of School Facilities Rental Form for Ridgefield Girl Scouts 11/14/00

87.     Use of School Facilities Rental Form for Soccer Club of Ridgefield 9/29/00

88.     Use of School Facilities Rental Form for Girl Scout Troop 669 7/17/00

89.     Use of School Facilities Rental Form for Ridgefield Little League 7/21/00

90.     Use of School Facilities Rental Form for Ridgefield Pop Warner 9/12/00

91.     Use of School Facilities Rental Form for Ridgefield League of Women Voters 9/19/00

92.     Use of School Facilities Rental Form for the Ridgefield Chorale 8/30/00

93.     In House Reservation form for 8th Grade Chorus

94.     In House Reservation form for Social Studies Department

95.     In House Reservation form for 6th Grade Band

96.     In House Reservation form for 7th Grade Chorus

97.     In House Reservation form for Social Studies Department

98.     In House Reservation form for Guidance Counselors

99.     In House Reservation form for Parent Teacher Conferences

100.     Records from Dr. Buschman concerning plaintiff's prior ankle injury

101.     The plaintiff's Complaint

The Ridgefield Defendants also reserve the right to utilize or offer exhibits listed by other parties.

The plaintiff reserves the right to utilize or offer exhibits listed by other parties.


**12.     Deposition Testimony**

Plaintiff reserves the right to offer deposition testimony, in accordance with

applicable Federal Rules of Evidence

13.    Request for Jury Instruction

## PLAINTIFF'S PRELIMINARY REQUEST TO CHARGE

The plaintiff, Rose Russo, submits this preliminary request to charge on the subjects

listed below.  The plaintiff reserves the right to amend this request or submit additional

requests at the time of trial.

| | |
|---|---|
| I. | Duty of Care |
| II. | Causation |
| III. | Damages |
| IV. | Burden of Proof |
| V. | Credibility of Witnesses |
| VI. | Conduct of Counsel |
| VII. | Municipal Liability |
| VIII. | Agency & Vicarious Liability |
| IX. | Damages - Loss of Earnings - Work Life Expectancy 5 years |
| X. | Life Expectancy of a 66 year old female is 19.2 years. |

**DUTY OF CARE**

**A.      Generally**

Negligence is a breach of duty. <u>Collins v. City National Bank & Trust Company</u>, 131

Conn. 167, 170 (1944); <u>Urban v. Hartford Gas Company</u>, 139 Conn. 301, 304 (1952). That

duty is to exercise due care. <u>Steinhaus v. Steinhaus</u>, 145 Conn. 95, 97 (1958); <u>Johnson v.</u>

<u>Connecticut Transit Management. Inc.</u>, 39 Conn. Sup. 301, 303 (1983). The broad principle

of law which lies at the basis of this case is this: Was the Town of Ridgefield; Board of

Education, Town of Ridgefield and Diane Schrier negligent for not providing security or any

formal supervision at the Talent Show at the East Ridge Middle School? The plaintiff claims

that the defendants were negligent in allowing a Talent Show to go on without any security or

formal supervision. Now negligence is the doing of something which a reasonably prudent

person would not do under the circumstances, or the omitting to do what a reasonably

prudent person would do under the circumstances. It is the breach of a legal duty owed by

one person to another, and such legal duty is the exercise of reasonable care. <u>New England</u>

<u>Iron Works Co. v. Connecticut Co.</u>, 98 Conn. 609, 610, 611 (1923); Wright & Ankerman,

<u>Connecticut Jury Instructions</u>, (4th Ed. 1993), Section 522.

A plaintiff who alleges that he suffered injuries resulting from lack of supervision on the premises must prove that the defendants were in *control* of the premises. In this case, the defendant Town of Ridgefield; Board of Education, Town of Ridgefield did own the premises where the accident occurred. What is at issue is whether this Talent Show was a school event or a non school event? It was the duty of the defendant Town of Ridgefield; Board of Education, Town of Ridgefield who owned, maintained, and/or operated the premises, to exercise reasonable care to make and keep those premises in a reasonably safe condition and to protect their visitors and patrons. If the defendants failed to exercise such care, they would be liable for injuries caused thereby.

Connecticut Judicial Branch Website,
http://www.jud.state.ct.us/CivilJury/default.htm#4, Section 4.11; Wright & Ankerman, Connecticut Jury Instructions, (4th Ed. 1993), Section    561.

**The Ridgefield defendants object to the second portion of this charge as it applies to a defective premises claim, which is not alleged in the present case. The present case concerns a claim of negligent security and supervision. The Ridgefield defendants have submitted their own charge on this claim.**

**CAUSATION**

**Proximate Cause**

The Plaintiff is entitled to receive compensation for all damages proximately caused by the Defendants' negligence. <u>Morrison v. Hansen</u>, 128 Conn. 62, 65, 1941 (citing <u>Flood v. Smith</u>, 126 Conn. 644, 647, 13 A.2d 677; <u>Sapiente v. Waltuch</u>, 127 Conn. 224, 227, 15 A.2d 417; <u>Hartz v. Hartford Farence Co.</u>, 90 Conn. 539, 544, 97 A. 1020; 15 AmJur, Damages §8.)

Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury; that is, if the injury or damage was a reasonably foreseeable consequence of the Defendant's act or omission.

If an injury was a direct result or a reasonably probable consequence of the Defendant's act or omission, it was proximately caused by such act or omission.

In other words, if a Defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury then the act or omission is a proximate cause. It need not be the sole cause. There may be more than one proximate cause of an injury.

In order to recover damages for any injury the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant. If you find that the Plaintiff complains about an injury that would not have occurred in the absence of the Defendant's conduct, you must find that the Defendant proximately caused that injury.

Wright, <u>Connecticut Jury Instructions</u>, Section 1 10(b)(l)

**Take Your Victim as You Find Him**

I charge you that the well-founded law of the State of Connecticut, is that the Defendant takes Plaintiff as Plaintiff is found, and the Plaintiff is entitled to recover damages for all injuries and damages even though they became symptomatic and/or more serious than otherwise as a result of any pre-existing condition. It is no defense or mitigation that the Plaintiff's injuries may not have occurred if Plaintiff did not have the pre-existing condition, and likewise, Defendant would be liable to the Plaintiff for the effect of the injuries caused by Defendant even though their effect might be more serious than in the case of a normal person.

Bruneau v. Quick, 187 Conn. 617, 633-634 (1982);

Lodge V. Arett, CV-90-0098122-8 (SULLIVAN, J., April 8-9, 1996);

Wright, Connecticut Jury Instructions, Section 235.