**STATEMENT TO JURY PANEL BY PLAINTIFF**

Plaintiff Rose Russo was a 60 year old grandmother working full time as an executive secretary when she was injured on November 4, 2000 on the walkway outside the East Ridge Middle School in Ridgefield CT while walking to her car after the conclusion of a Talent Show at the School. Mrs. Russo was knocked down by Benjamin Waring, a middle school student who had attended the Talent Show. Benjamin Waring, age 13, was part of a group of other youngsters who were being chased down the hall and out the front entrance of the school, when the accident occurred. Although more than 600 people attended the Talent Show, no supervision was provided. Mrs. Russo was knocked to the ground and fractured her leg & ankle. As a result of the injury she was required to undergo three surgeries to her leg requiring insertion screws and a metal rod, as well as a total knee replacement with possible future ankle surgery. As a result of her injuries, Mrs. Russo has not been able to return to work.

   **Ridgefield defendants object to this statement except for the first two sentences.**

**Plaintiff's proposed verdict sheet**

**VERDICT FORM**

1. WAS THE 2000 TALENT SHOW AT THE EAST RIDGE MIDDLE SCHOOL A SCHOOL SPONSORED EVENT?

    YES _____                                                    NO _____

2. IF YOU ANSWERED YES TO QUESTION 1, IS THE DUTY TO PROVIDE SECURITY A MINISTERIAL OR DISCRETIONARY ACT?

    _____( *write in Ministerial or Discretionary*).

3. IF YOU ANSWERED MINISTERIAL ACT TO QUESTION 2 WAS FAILURE TO PROVIDE ANY SECURITY BY THE SCHOOL A SUBSTANTIAL FACTOR IN CAUSING PLAINTIFF'S INJURIES?

    YES _____                                                    NO _____

4. IF YOUR ANSWER TO QUESTION 1 IS NO, WAS THE DEFENDANT DIANE SCHRIER NEGLIGENT IN NOT PROVIDING SECURITY FOR THE TALENT SHOW.

    YES _____                                                    NO _____

5. IF YOU ANSWERED YES TO QUESTION 4, WAS THE NEGLIGENCE OF DIANE SCHRIER A SUBSTANTIAL FACTOR IN CAUSING PLAINTIFF'S INJURIES?

    YES _____                                                    NO _____

IF YOU ANSWERED QUESTION 1- YES; QUESTION 2 - MINISTERIAL AND QUESTION 3 - YES, YOUR VERDICT IS FOR THE PLAINTIFF AND SOLEY AGAINST DEFENDANT TOWN OF RIDGEFIELD AND RIDGEFIELD BOARD OF EDUCATION.

IF YOUR VERDICT IS NOT AGAINST THE TOWN OF RIDGEFIELD AND RIDGEFIELD BOARD OF EDUCATION AND YOU ANSWERED YES TO QUESTION 4 & 5, YOUR VERDICT IS FOR THE PLAINTIFF AND SOLELY AGAINST DEFENDANT DIANE SHCRIER.

IF YOUR VERDICT IS FOR THE PLAINTIFF PROCEED TO QUESTION 6.

6. STATE SEPARATELY THE AMOUNT AWARDED, IF ANY, TO PLAINTIFF, ROSE RUSSO FOR THE FOLLOWING ITEMS OF DAMAGES FROM NOVEMBER 4, 2000, TO THE DATE OF YOUR VERDICT.

    A) PAIN AND SUFFERING INCLUDING LOSS OF ENJOYMENT OF LIFE      $ _____

    B) LOSS OF EARNINGS      $ _____

    C.) MEDICAL EXPENSES      $ _____

7. STATE SEPARATELY THE AMOUNT AWARDED, IF ANY, TO PLAINTIFF, ROSE RUSSO FOR THE FOLLOWING ITEMS OF DAMAGES FROM THE DATE OF YOUR VERDICT UNTIL THE TIME THAT ROSE RUSSO COULD BE EXPECTED TO LIVE.

    A) PAIN AND SUFFERING INCLUDING LOSS OF ENJOYMENT OF LIFE INTO THE FUTURE      $ _____

    B.) FUTURE MEDICAL EXPENSES      $ _____

REPORT YOUR VERDICT TO THE COURT.

**The Ridgefield defendants proposed Jury Interrogatories & Verdict Form**

## JURY INTERROGATORIES

1. Do you find that the talent show which occurred on November 4, 2000 was sponsored by either the Town of Ridgefield or the Ridgefield Board of Education?

   Yes _____   No _____

   (If you answered "No" proceed to interrogatory 6. If you answered "Yes" proceed to interrogatory 2.)

2. Do you find that Diane Schrier was acting as an agent of either the Town of Ridgefield or the Ridgefield Board of Education in organizing and producing the talent show on November 4, 2000, as opposed to an independent contractor?

   Yes _____   No _____

   (If you answered "No" proceed to interrogatory 6. If you answered "Yes" proceed to interrogatory 3.)

   **Objection by plaintiff to the phrase independent contractor.**

3. Do you find that providing supervision and security for the talent show on November 4, 2000, was a discretionary function which required the exercise of judgment and

84

discretion, as opposed to a ministerial duty which is performed in a prescribed manner without the use of any judgment or discretion?

Yes _____   No _____

(If you answered "Yes" proceed to interrogatory 6. If you answered "No" proceed to interrogatory 4.)

**Objection by plaintiff to defining discretionary and ministerial acts. The Court will have already given a charge defining said terms.**

4. Do you find that either the Town of Ridgefield or the Ridgefield Board of Education were negligent in providing supervision and security at the talent show on November 4, 2000?

Yes _____   No _____

**Objection:   Plaintiff would request the sentence read " ... not providing supervision and securtiy..."**

5. Do you find that any negligence of either the Town of Ridgefield or the Ridgefield Board of Education were the proximate cause of the injuries sustained by the plaintiff on November 4, 2000?

Yes _____   No _____

6. Do you find that Diane Schrier was negligent in providing supervision and security at the talent show on November 4, 2000?

Yes _____   No _____

**Objection:   Plaintiff would request the sentence read " ... not providing supervision and securtiy..."**

7.  Do you find that any negligence of Diane Schrier was the proximate cause of the plaintiff's injuries?

Yes _____   No _____

## **VERDICT FORM**

1. We the jury in the above-captioned matter apportion liability between the following parties:

| Party | Share |
|---|---|
| Benjamin Waring | _____ |
| Gregory Verbanic | _____ |
| Robert Rowe | _____ |
| Diane Schrier | _____ |
| Town of Ridgefield | _____ |
| Ridgefield Board of Education | _____ |
| Total | 100% |

**Objection by plaintiff:** The above people should not be referred to as "parties" but as "individuals."

**Plaintiff request that Town of Ridgefield and Ridgefield Board of Ed get one (1) line for apportionment since they are one defendant.**

**Furthermore, the sentence instruction should continue: If you find any of the below individuals are not responsible for this accident you will write the word "none" next to their name.**

2. We the jury in the above-captioned matter award economic damages in the amount of $_____.

**Objection:** **Plaintiff requests that "economic damages" be defined.**

3. We the jury in the above-captioned matter award non-economic damages in the amount of $_____.

**Objection:** **Plaintiff requests that "non - economic damages" be defined.**

DEFENDANTS,
TOWN OF RIDGEFIELD,
BOARD OF EDUCATION,
TOWN OF RIDGEFIELD

By_____
Robert A. Rhodes
Fed. Bar No. ct 13583
HALLORAN & SAGE LLP
315 Post Road West
Westport, CT 06880
(203) 227-2855

- 4 -

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSE RUSSO
    Plaintiff

V.

BENJAMIM WARING, et al
    Defendant

CIVIL ACTION NO.
300 CV 2424 (CFD)

## JOINT TRIAL MEMORANDUM

DIANE SCHRIER

BY _____
Leo J. McManus
Fed. Bar No. ct 4214
Law Offices of James Pickett
805 Brook Street
Rocky Hill, CT 06067
(860) 563-4439

The Plaintiff, ROSE RUSSO

By _____
Jeffrey J. Keegan
RAYMOND J. KEEGAN & ASSOC., LLP
180 East Post Road.
White Plains, New York 10601
Tel. No. 914-683-1100
Juries #: 412973
Federal Bar #: CT 17624


RAYMOND J. KEEGAN & ASSOC., LLP
c/o RODIE & CONNOLLY, P.C.
3380 Main Street
Stratford, Connecticut 06614

## CERTIFICATION

   I hereby certify that a copy of the foregoing was mailed to the following counsel of records on the date hereof, January 10, 2006 to:

LAW OFFICES OF JAMES PICKETT
805 Brook Street
Rocky Hill, CT 06067
Attorneys for Third-Party Defendant, Diane Schrier

HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
Attorneys for Third-Party Defendants,
Town of Ridgefield and Board of Education
Town of Ridgefield

_____
Jeffrey J. Keegan
RAYMOND J. KEEGAN & ASSOC., LLP