UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO,<br>    Plaintiff, | :<br>:<br>: |
| v. | : No. 3:00 CV 2424 (CFD) |
| | : |
| BENJAMIN WARING,<br>    Defendant,<br>v. | :<br>:<br>:<br>: |
| ROBERT ROWE, GREGORY VERBANIC,<br>DIANE SCHRIER, TOWN OF RIDGEFIELD,<br>BOARD OF EDUCATION, TOWN OF<br>RIDGEFIELD<br>    Third-Party Defendants. | :<br>:<br>:<br>:<br>:<br>: |

**RULING ON THIRD-PARTY DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff Rose Russo brought this action to redress alleged injuries that occurred while she was attending a talent show at East Ridge Middle School in the Town of Ridgefield, Connecticut. The defendant, Benjamin Waring, filed a claim for apportionment of liability and damages against the third party defendants Robert Rowe, Gregory Verbanic, Diane Schrier, the Town of Ridgefield, and the Town of Ridgefield Board of Education. Russo then amended her complaint to include cross-claims against all the third-party defendants.[1]

---

[1] Russo dismissed Rowe from her cross-claim in a motion dated February 16, 2005 and granted by the Court on August 10, 2005. See Docs. # 90, 91. Waring settled with Russo and dismissed his complaint against all the third-party defendants in a stipulation dated November 2, 2005. See Doc. #116. Russo then dismissed her cross-claims against Waring and Verbanic in a stipulation dated October 17, 2005. See Doc. #127. Russo's cross-claims against Schrier, the Town of Ridgefield, and the Town of Ridgefield Board of Education are still pending, and Rowe, Waring, and Verbanic remain as apportionment defendants to those claims. There is also a pending claim for indemnification by the Town of Ridgefield and Town of Ridgefield Board of Education against Schrier, which does not implicate Rowe, Waring, or Verbanic.

The third-party defendants Town of Ridgefield and Town of Ridgefield Board of Education (hereafter, collectively "Ridgefield defendants") filed a motion for summary judgment as to all claims raised in Russo's Second Amended Complaint, which was denied by this Court on September 8, 2005.  See Doc. #92.  The Ridgefield defendants now have moved for reconsideration of that ruling.  For the reasons below, the motion for reconsideration is denied.

**I.     Standard for Reconsideration**

The standard for granting a motion for reconsideration is strict.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id.  Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'"  Lo Sacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).  A motion for reconsideration "may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made."  Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

**II.    Discussion**

Russo's claims against the Ridgefield defendants allege that their negligent failure to supervise and provide security at the talent show caused her injuries.  The Ridgefield defendants argued in their motion for summary judgment that they are immune from liability because the talent show was a privately sponsored event which they were under no obligation to supervise.

In its initial ruling, the Court declined to grant summary judgment on this ground, finding both that there were genuine disputes of material facts as to whether the talent show should be considered a school event, and if so, as to whether the failure to provide any security or supervision for a school event held after normal operating hours could constitute a ministerial omission by the Ridgefield defendants:

> The Town defendants' liability therefore hinges on whether arranging for faculty chaperones and providing security for school events was discretionary, in which case they are immune from liability [under Conn. Gen. Stat. § 52-557n(a)(2)(B)], or ministerial, in which case they could be found liable pursuant to § 52-557n. . . . The Court also finds that there is a genuine dispute of material fact as to whether Diane Schrier could be considered an agent of East Ridge Middle School, and therefore whether any negligent acts or omissions by her could be imputed to the Town defendants.

Doc. #92 at 2-3.

In their motion for reconsideration, the Ridgefield defendants argue that the Connecticut Supreme Court has held that the duty to supervise school children is, as a matter of law, a purely discretionary duty. However, in the supporting case cited by the defendants, Purzycki v. Town of Fairfield, 244 Conn. 101, 708 A.2d 937 (Conn. 1998), the Supreme Court made no such determination, as "the parties conceded [at trial]. . . that a discretionary duty existed." Id. at 108 n.5. The other Supreme Court cases cited by the defendants contained similar concessions by the underlying parties or declined to make a definitive statement of law on the issue. See Burns v. Board of Educ., 228 Conn. 640, 645, 638 A.2d 1 (Conn. 1994) ("The plaintiffs acknowledge that any duty owed by the defendant superintendent to the plaintiff child was discretionary in nature."); Heigl v. Board of Educ., 218 Conn. 1, 8, 587 A.2d 423 (Conn. 1991) (stating that "[n]either the General Statutes nor our decisional law has ever stated that a board of education

has a specific duty to supervise high school students" and concluding that "even if such a duty exists," a town's adoption of a high school "open campus" policy was a discretionary activity).

In the instant case, the parties contest whether the provision of security or supervision of after-school events was a ministerial or discretionary obligation of the Ridgefield defendants. Furthermore, the exhibits submitted in support of the Ridgefield defendants' motion for summary judgment include deposition testimony suggesting that Ridgefield may have had a policy requiring the <u>provision</u> of school or police supervision at school-sponsored events outside of normal instructional hours where a large number of attendees were expected, regardless of whether the <u>execution</u> of such supervision was a discretionary function. <u>See</u>, <u>e.g.</u>, Doc. #72 at Exh. D, 11-16, 114-15 (deposition testimony of former East Ridge Middle School principal Mary Capwell). Reviewing that evidence in the light most favorable to the non-moving party, as is appropriate at summary judgment, and mindful that the determination of whether official acts or omissions are ministerial or discretionary normally is left to the trier of fact, <u>see</u> <u>Gordon v. Bridgeport Housing Authority</u>, 208 Conn. 161, 165, 181, 544 A.2d 1185 (1988), the Court again concludes that the Ridgefield defendants are not entitled to summary judgment.

**III.   Conclusion**

The Defendants' Motion for Reconsideration [Doc. #98] is DENIED.

So ordered this _7th_ day of June 2006 at Hartford, Connecticut.

                                                  _/s/ CFD _____
                                                  **CHRISTOPHER F. DRONEY**
                                                  **UNITED STATES DISTRICT JUDGE**