UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO, | : CIVIL ACTION |
| : | |
| Plaintiff, | : |
| : | |
| VS. | : 300 CV 2424 (CFD) |
| : | |
| BENJAMIN WARING, | : |
| Defendant, | : |
| : | |
| VS. | : |
| : September 20, 2006 | |
| ROBERT ROWE, GREGORY VERBANIC, DIANE SCHRIER, TOWN of RIDGEFIELD; BOARD OF EDUCATION, TOWN OF RIDGEFIELD | : |
| : | |
| Third-Party Defendants. | : |

## MOTION TO AMEND TRIAL MEMORANDUM

The amendment is to add two requests to charge on behalf of the plaintiff, annexed hereto as **Exhibit 1**. This case has been set down for trial on November 15, 2006, and a pretrial conference has been scheduled for October 3, 2006, at 2:00 p.m. Coincidentally, we had mailed the requests to charge to both remaining attorneys in this case, Law Offices of James Pickett and Halloran and Sage, requesting their consent, attached as **Exhibit 2**.

Halloran and Sage has consented to our filing the supplemental requests to charge; however they will be objecting to them at the conference. Owing to the time constraints, to wit, the just-scheduled pretrial conference, we are moving to amend the Trial Memorandum without waiting for the response from James Pickett's office. We have consented to the request by James Pickett's office to adjourn the pretrial conference one week to October 10, subject to the Court's approval.

WHEREFORE, the undersigned respectfully requests that the Court grant this motion to amend the trial memorandum to include the annexed requests to charge set forth in **Exhibit 1**.

Plaintiff, ROSE RUSSO

By _____
Jeffrey J. Keegan
RAYMOND J. KEEGAN & ASSOC., LLP
180 East Post Road
White Plains, New York 10601
Tel. No. 914-683-1100
Juris #: 412973
Federal Bar #: CT 17624

RAYMOND J. KEEGAN & ASSOC., LLP
c/o RODIE & CONNOLLY, P.C.
3380 Main Street
Stratford, Connecticut 06614

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following counsel of records on the date hereof, September 20, 2006, to:

LAW OFFICES OF JAMES PICKETT
805 Brook Street
Rocky Hill, CT 06067
Attorneys for Third-Party Defendant, Diane Schrier

HALLORAN & SAGE, LLP
315 Post Road West
Westport, CT 06880
Attorneys for Third-Party Defendants,
Town of Ridgefield and Board of Education
Town of Ridgefield

_____
Jeffrey J. Keegan
RAYMOND J. KEEGAN & ASSOC., LLP

Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO, | : CIVIL ACTION NO. |
| Plaintiff, | : 300 CV 2424 (CFD) |
| VS. | : |
| BENJAMIN WARING, ET AL., | : |
| Defendants. | : September 20, 2006 |

**PROPOSED JURY CHARGE AMENDMENT
OF PLAINTIFF ROSE RUSSO**

The plaintiff Rose Russo hereby submits the following request for jury instructions to add the following:

**VIII. Non Delegable Duty**

Plaintiff contends that the School Board/Town of Ridgefield has a non-delegable duty as the owner of the premises in question to provide adequate supervision and security for events held on the school premises to which the general public is invited.

A non-delegable duty is defined as the obligation of the owner of the premises to exercise ordinary care, for the safety of persons invited on the premises (Gazo v. City of Stamford, 255 Conn. 245, 257 (2000). The defendants School Board/Town may not

discharge its non-delegable duty to provide adequate supervision and security by delegating the responsibility for the event in question to an independent contractor.

### IX. Independent Contractor

An independent contractor is defined as one who undertakes gratuitously or for consideration to render services to another which she should recognize as necessary for the protection of third persons, is subject to liability to the third person for physical harm resulting from her failure to exercise reasonable care to protect her undertaking, if her failure to exercise reasonable care increases the risk of such harm or if she has undertaken to perform a duty owed by the School Board/Town to the third-person plaintiff. Section 324 A, Restatement of Tort Second. Gazo v. City of Stamford, supra, at page 253.

If you find that Diane Schrier was acting as an independent contractor and you find that she was responsible for the injury to the plaintiff under the law of negligence and proximate cause on which I have previously given instructions, then you must find that the School Board/Town is also responsible, subject to the instruction I am about to give you on the issue of immunity.

Exhibit 2

# RAYMOND J. KEEGAN & ASSOC., LLP

Attorneys at Law
180 East Post Road
White Plains, New York 10601
(914) 683-1100
Facsimile: (914) 683-7363

RAYMOND J. KEEGAN*
JEFFREY J. KEEGAN*
*ALSO ADMITTED IN CONNECTICUT

INTERNET:
www.keegan-law.com

September 19, 2006

**BY FAX & MAIL**
(860) 257-0414
Law Offices of James Pickett
805 Brook Street
Rocky Hill, CT 06067

(203) 227-6992
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

Re:  Russo v. Waring, et al.
     Our File No. 4206

Dear Counselors:

Please advise whether or not you will consent to plaintiff making a motion to amend the Trial Memo to include a requests to charge regarding instructions on landowners' Non-delegable Duty and Independent Contractor. A copy of same is enclosed.

Thank you for your attention in this matter.

Very truly yours,

JEFFREY J. KEEGAN

JJK:rsh

Enclosure