UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSE RUSSO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| VS. | : | 300 CV 2424 (CFD) |
| BENJAMIN WARING, | : | |
| | : | **MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: RIDGEFIELD DEFENDANTS REQUEST TO CHARGE APPORTIONMENT** |
| Defendant, | : | |
| VS. | : | October 2, 2006 |
| ROBERT ROWE, GREGORY VERBANIC, DIANE SCHRIER, TOWN of RIDGEFIELD; BOARD OF EDUCATION, TOWN OF RIDGEFIELD | : | |
| Third-Party Defendants. | : | |

I   Introduction

The plaintiff, ROSE RUSSO, hereby move for an order precluding the words "settled parties" from the apportionment charge. This language is not relevant to any of the disputed issues in this case and are offered only for some prejudicial effect against the plaintiff.

II   Augument

In the present case, the Ridgefield defendants wish to offer as part of their request to charge - apportionment- words stating what parties have *settled*. Conn. Gen. Stat. Section 52 216 ( a ) provides that any agreement with a party responsible may not be introduced at the

time of trial, <u>Banero v. D'Onfro</u>, 38 Conn. App. 685, 705. This case was decided by Judge Lavery, now the chief judge of the Connecticut Appellate Court, wherein he states:

> As to the claims regarding settlement, § 52-216a prohibits such testimony. The plaintiff filed a motion to preclude the defendants from "mentioning, commenting on, questioning about, or inquiring into the settlement of any claim between the plaintiffs and David V. D'Onfro." The defendants filed an objection to the plaintiffs' motion concerning § 52-216a. The defendants claim that § 52-216a does not prohibit them from asking the plaintiffs if they had sued another tortfeasor, and if, as a result of that complaint, they had obtained a monetary recovery. The defendants' claim ignores the plain language of § 52-216a; which states that an agreement not to sue or a release "shall not be read to a jury or in any other way introduced into evidence by either party . . . ." Section 52-216a "was intended to ensure that jury verdicts would not be influenced by the knowledge of a partial settlement." <u>Civiello v. Owens-Corning Fiberglass Corporation</u>, . . . 208 Conn. at 93, 544 A.2d 158; <u>Belanger v. Village Pub I, Inc.</u>, 26 Conn. App. 509, 514, 603 A.2d 1173 (1992). Therefore the trial court properly excluded any evidence of the settlement.

III   Conclusion

For the foregoing reason, the plaintiff's Motion in Limine should be granted.

The Plaintiff, ROSE RUSSO

By _____
Jeffrey J. Keegan
RAYMOND J. KEEGAN & ASSOC., LLP
180 East Post Road.
White Plains, New York 10601
Tel. No. 914-683-1100
Juries #: 412973
Federal Bar #: CT 17624


RAYMOND J. KEEGAN & ASSOC., LLP
c/o RODIE & CONNOLLY, P.C.
3380 Main Street
Stratford, Connecticut 06614