UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO | : CIVIL ACTION NO. |
|     Plaintiff | : 300 CV 2424 (CFD) |
| | : |
| VS. | : |
| | : |
| BENJAMIN WARING, ET AL | : |
|     Defendants | : October 9, 2006 |

**DEFENDANT DIANE SCHRIER'S OBJECTION TO RIDGEFIELD
DEFENDANT'S MOTION IN LIMINE RE: ALTERED DOCUMENTS**

The defendant Diane Schrier hereby objects to the Town of Ridgefield and Ridgefield Board of Education's (hereinafter collectively "Ridgefield") Motion in Limine re: Altered Documents (# 123). Ridgefield's claim that these records are not relevant is facially and patently wrong.

It is undisputed that a core issue in this action is whether the talent show was an East Ridge Middle School ("ERMS") school-sponsored event. The forms completed by Schrier, and approved by Ridgefield, all listed the organization requesting the facilities as either "ERMS" or "ERMS Talent Show." In its Memorandum of Law in support of its motion, Ridgefield admits that the "removal of the initials 'ERMS' would make it less probable that the event was school sponsored." Memorandum of Law at 2. Accordingly, contrary to its

own conclusions, the altered documents go to the heart of the issues in this action. By its own logic, Ridgefield's admitted alteration of the documents make its defense less probable. Conversely Ridgefield's admitted alteration makes Schrier's defense more probable. Under any reasoned view, these records are facially admissible. Fed. R. Evid. 401.

Futher, the altered documents are admissible on a number of other grounds including Schrier's defense to Ridgefield's indemnification cross-claim and the issue of credibility of numerous Ridgefield employees who are expected to testify. Again Ridgefield asserts that these documents control the claims in this case, but concedes they "were never distributed to Mrs. Schrier and never left the Main Office of the East Ridge Middle School." Memorandum of Law at 2. That, of course, is precisely why the documents are relevant and admissible.

First, the altered documents go directly to the heart of Schrier's affirmative defenses to Ridgefield's indemnification claim. That is, Ridgefield conveyed to Schrier that it had approved the "ERMS Talent Show," as well as the organization "ERMS" running the talent show but never told her that apparently at some point it changed its position to it being a Schrier-sponsored event and then attempted to alter the paperwork accordingly. How, when, why this came to pass, who was involved, what instructions came from superiors, etc. are all issues ripe for examination and the jury's consideration. Ridgefield's position that its

2

motives were pure and thus cannot be challenged at trial is wholly unsupported by any jurisprudence of our federal and state courts. Further, even assuming there was no nefarious intent, either before or after the fact, the consequences of Ridgefield's actions and inactions ripple throughout this case and are entirely proper for the jury's consideration, e.g., negligent misrepresentation, estoppel and waive.

Second, when originally discharging its obligations to produce the relevant documents during discovery, Ridgefield produced only the altered documents. It was only because Schrier had kept copies of the unaltered documents that their existence came to light. Only service of additional discovery requests forced Ridgefield produce the unaltered documents.

It has been learned during the course of additional discovery that a Ridgefield employee(s), apparently acting on the instructions of her superior(s), made a photocopy of the unaltered document, altered the photocopy and then kept both in some file. Thus being in possession of both unaltered and altered documents, Ridgefield's decision to discharge its legal obligations by producing only the altered documents, which, as noted above, it admits "makes it less probable that the event was school sponsored" is relevant not only as to the merits of the claims being made in this case, but to the credibility of each Ridgefield employee as well. It utterly strains credulity that Ridgefield seeks to require that the parties,

3

jury and this Court simply accept its subjective position that this was nothing more than an honest mix-up with no nefarious intent and/or prejudicial consequences.  These are all core issues for a jury.

    In light of the foregoing the motion should be denied and the instant objection sustained.

                                       DIANE SCHRIER


                                       BY_____
                                        Leo J. McManus
                                        Fed. Bar No. ct14214
                                        Law Offices of James Pickett
                                        805 Brook Street
                                        Rocky Hill, CT  06067
                                        (860) 563-4439


## CERTIFICATION

    I hereby certify that a copy of the foregoing was mailed first class, postage prepaid and sent by facsimile transmission on October 9, 2006, postage prepaid, to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Robert Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

_____
Leo J. McManus