## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO | : CIVIL ACTION NO. |
|     Plaintiff | : 300 CV 2424 (CFD) |
| | : |
| VS. | : |
| | : |
| BENJAMIN WARING, ET AL | : |
|     Defendants | : October 9, 2006 |

**DEFENDANT DIANE SCHRIER'S OBJECTION TO RIDGEFIELD**
**DEFENDANT'S MOTION IN LIMINE RE: EVIDENCE OF INSURANCE**

    The defendant Diane Schrier hereby objects to the Town of Ridgefield and Ridgefield Board of Education's (hereinafter collectively "Ridgefield") Motion in Limine (# 124) solely to the extent it seeks exclusion of "evidence regarding the Board of Education's failure to obtain insurance from [her] for the talent show." Such evidence is relevant and probative to a central issue in this case, namely who was in control of the subject premises.

    Further, it is not only the plaintiff's allegations of agency directed to Schrier and Ridgefield, but Ridgefield's own cross-claim for indemnification that raise these issues of agency and control. Accordingly, Ridgefield's attempt to prosecute its claim against Schrier and then seek to eviscerate her defense to it is improper, patently unfair and not supported

by the Rules of Evidence. The motion should be denied and the instant objection sustained.

Plaintiff's reliance on Fed. R. Evid. 403 is misplaced; Fed. R. Evid. 411 controls:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. *This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control,* or bias or prejudice of a witness.(emphasis added)

It is well-settled that the "second sentence points out the limits of the rule, using well-established illustrations." Fed. R. Evid. 411 advisory committee notes. The gravamen of both the plaintiff's complaint and Ridgefield's cross-claim are agency and control. It is undisputed that Ridgefield's own written regulations governing the use of its facilities by non-school groups require, inter alia, evidence of liability insurance listing Ridgefield as an additional insured. It also is undisputed that the use of the facilities was approved by Ridgefield on a form listing such requirement in this case as "N/A." The obvious import, and express basis for one of the exclusions, is that Ridgefield remained in control of the facilities. The express exclusions to inadmissibility under Rule 411 clearly render this evidence admissible.

Schrier neither proffers nor intends to proffer this evidence "upon the issue [of] whether [any] person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Indeed, under the circumstances of this case, such evidence does even implicate the liability

2

issue.

      For the foregoing reasons, the motion should be denied and the instant objection sustained.




                                 DIANE SCHRIER



                              BY_____
                              Leo J. McManus
                              Fed. Bar No. ct14214
                              Law Offices of James Pickett
                              805 Brook Street
                              Rocky Hill, CT  06067
                              (860) 563-4439

<u>CERTIFICATION</u>

       I hereby certify that a copy of the foregoing was mailed first class, postage prepaid and sent by facsimile transmission on October 9, 2006, postage prepaid, to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Robert Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

 

_____
Leo J. McManus