# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSE RUSSO | : CIVIL ACTION NO. |
|     Plaintiff | : 300 CV 2424 (CFD) |
| VS. | : |
| BENJAMIN WARING, ET AL | : |
|     Defendants | : October 9, 2006 |

### DEFENDANT DIANE SCHRIER'S OBJECTION TO RIDGEFIELD DEFENDANT'S MOTION IN LIMINE RE: CUMULATIVE AND IRRELEVANT TESTIMONY

The defendant Diane Schrier hereby objects to the Town of Ridgefield and Ridgefield Board of Education's (hereinafter collectively "Ridgefield") Motion in Limine re: Cumulative and Irrelevant Testimony (# 122). Simply stated, Ridgefield's unsupported, conclusory statement that this testimony is cumulative and irrelevant is incorrect and serves no purpose other than to deny Schrier the ability to present a defense to Ridgefield's own claim against her.

Contrary to Ridgefield's protestations, these witnesses provide evidence that not only is inconsistent with its other employees' testimony, but in some instances directly contradicts it. Accordingly, it is relevant, Fed. R. Evid. 401, and anything but cumulative or a waste of time.

These witnesses offer compelling evidence as to the express policies and procedures of the Board of Education. Through its motion Ridgefield seeks to limit admissible evidence only to those of its employees who failed to follow some or all of those policies procedures, Capwell, Keating and Rosevalt, all the while claiming such failures are irrelevant to the claims in this case. Conversely, Ridgefield seeks to preclude evidence from other of its own employees, Wallace, Castellani and Myernick, who can and will testify in varying degrees as to the purpose of the policies and procedures and their importance to the core issues of this case.

The testimony of these witnesses, particularly Wallace, strikes at the heart of not only the plaintiff's claims, but also Schrier's defense to Ridgefield's claim of indemnification against her, including her affirmative defenses. Unquestionably it is not in Schrier's interests to waste any time or otherwise bog the jury down with cumulative evidence. It is anticipated that the testimony of these three witnesses will be relatively short and focused on the issues at hand. Accordingly any concerns that Ridgefield might have as to judicial economy can be raised and fully protected through the usual trial procedure of an objection.

In light of the foregoing the motion should be denied and the instant objection sustained.

DIANE SCHRIER


BY_____
  Leo J. McManus
  Fed. Bar No. ct14214
  Law Offices of James Pickett
  805 Brook Street
  Rocky Hill, CT  06067
  (860) 563-4439

CERTIFICATION
=============

       I hereby certify that a copy of the foregoing was mailed first class, postage prepaid and sent by facsimile transmission on October 9, 2006, postage prepaid, to:

Jeffrey J. Keegan, Esq.
180 East Post Road
White Plains, NY 10601

Robert Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

                                                        _____
                                                        Leo J. McManus